

FILED BY _____ D.C.

MAY 0 7 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CR-20456-JB

UNITED STATES OF AMERICA

v.

ALFRED L. DAVIS,

                                    Defendant.

_____/

*Motion to reconsider the Plea*
*On the grounds of*
*18 USC SS 1344. Government can*
*not prosecute for a private*
*Lender. See Page 6 #5,6*

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

Alfred L. Davis (hereinafter referred to as the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to Count 3 of the Indictment, which count charges

the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.   This

Office agrees to seek the dismissal of all remaining counts after sentencing.

2.  The defendant is aware that the sentence will be imposed by the Court after considering

the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines").   The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's

probation office, which investigation will commence after the guilty plea has been entered.   The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence

under the Sentencing Guidelines.   The defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines,

but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

4.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

2

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or

the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office,

to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CR-20456-JB

**UNITED STATES OF AMERICA**               *Motion to reconsider*

**v.**

**ALFRED L. DAVIS,**

                        **Defendant.**

_____/

## FACTUAL BASIS

The United States of America and the Defendant Alfred L. Davis ("Davis") agree that had

this case proceeded to trial, the United States would prove beyond a reasonable doubt the following

facts, among others, which occurred in the Southern District of Florida, and elsewhere.

1.      Between June and August 2023, Davis engaged in a scheme to defraud by applying

for Home Equity Lines of Credit ("HELOCs") against a property located at 20031 NW 12th Court,

Miami, Florida (the "property").

2.      Davis submitted applications for HELOCs to at least five lenders, including US

Bank, PNC Bank, Figure Lending LLC, Aven Financial Inc., and Lower LLC.

3.      On June 6, 2023, Davis submitted a HELOC application, in the approximate

amount of $350,000 to U.S. Bank.

4.      On June 30, 2023, Davis submitted a HELOC application to Lower LLC, in the

approximate amount of $350,000.

5.      On July 8, 2023, Davis submitted a HELOC application to Figure Lending LLC, in

the approximate amount of $400,000.    *— Figure Lending LLC is A Private company*

6.     On July 11, 2023, Davis falsely and fraudulently represented to Figure Lending LLC that the property was free and clear of legal encumbrances, mortgages, and liens.

7.     This representation caused a wire transmission from the Southern District of Florida to outside the State of Florida.

8.     On July 26, 2023, Davis falsely and fraudulently represented to Lower LLC that the property had no prior mortgages, and that Davis had not been issued credit by Figure Lending LLC.

9.     Davis used the funds from the HELOCs for personal expenses, including cash withdrawals, cashier's checks payable to himself, and payments to family members and associates.

10.   This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.

**SWORN OATH**

Date: 5/7/25

By: _____
ALFRED L. DAVIS
DEFENDANT

6

They told Alfred that they were
investigating the Jan 6th insurrection.



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 24-cv-23015-DPG

MACK WELLS, *et al.*,

      **Plaintiffs,**

v.

U.S. BANK N.A., *et al.*,

      **Defendants.**

_____/

### ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is

assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of August, 2024

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**Exh.11**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-23015-RAR

**MACK WELLS**, *et al.*,

     Plaintiffs,

v.

**U.S. BANK N.A.**, *et al.*,

     Defendants

_____/

### ORDER OF RECUSAL

The undersigned Judge, to whom this case was assigned, hereby recuses himself and refers

this matter to the Clerk of Court for permanent reassignment in accordance with 28 U.S.C. § 455

**DONE AND ORDERED** in Miami, Florida, this 13th day of August, 2024

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

AFFIDAVIT

**Exh.B pg.7**

July 23, 2024

On the day of Alfred Davis's trial when the prosecutor requested the judge to ~~[illegible]~~ remand Alfred Davis, the judge denied and stated that the prosecutor did not prove their case, have enough evidence, nor did anyone testify to ID Alfred Davis as guilty.

Krystal Wright

Florida Driver License
W623-501-89-876-0

STEPHANIE BLANDON
MY COMMISSION # HH 213474
EXPIRES: January 4, 2026

7/23/2024

5:46      LTE 82     EXH.499

<      **August 17**      Edit 
         6:26 PM

## What banks are owned by the Chinese? ⌄

## How much of U.S. Bank is owned by China? ⌃

## 70 percent

Wednesday's decision allows Industrial & Commercial Bank of China, which is 70 percent owned by the Chinese government, to take an 80 percent stake in a Hong Kong-based bank with 13 branches in the U.S. The Fed also allowed two other Chinese banks to open branches in New York and Chicago. May 13, 2012

🔳 https://thehill.com › international
Lawmakers stay largely silent over Chinese takeover of US bank ...

**MORE RESULTS**

## Is Wells Fargo a Chinese company?



What banks are owned to China?

               

Filing # 203113881 E-Filed 07/23/2024 10:38:38 AM



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2024-012330-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**MACK WELLS et al**

Plaintiff(s)

vs

**US BANK NA et al**

Defendant(s)

_____/

### ORDER OF RECUSAL

    **THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby

    **ORDERED AND ADJUDGED**

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of July, 2024.

2024-012330-CA-01 07-23-2024 10:30 AM
Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**
Electronically Signed

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 24-23015-CV-WILLIAMS**



MACK WELLS, *et al.*,

    Plaintiffs,

v.

U.S. BANK N.A., *et al.*,

    Defendants.

_____/

## ORDER RECUSING JUDGE AND REASSIGNING CASE

The undersigned District Judge, to whom the above-styled case has been assigned, recuses herself and refers the case to the Clerk of Court for reassignment pursuant to 28 U.S.C. § 455.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23rd day of August, 2024.

                                  KATHLEEN M. WILLIAMS
                                  UNITED STATES DISTRICT JUDGE

In accordance with the Local Rules for the Southern District of Florida, providing for the random and equal allotment of cases, this cause is hereby reassigned to the calendar of **United States District Judge** Sheri Chappell.

All documents for filing in this case shall carry the following case number and designation: 24-23015-CV-Chappell.

By Order of Court this 23 day of September, 2024.

                                  ANGELA E. NOBLE
                                  Court Administrator/Clerk of Court

                  By:        *Valerie Kemp*
                                  Deputy Clerk



In accordance with the **Local Rules for the Southern District of Florida**, providing for the random and equal allotment of cases, this cause is hereby reassigned to the calendar of **United States District Judge** Kathleen M. Williams

Copies of this Order shall be served on all pending parties of record electronically *via* CM/ECF, or *via* U.S. Mail to any party not authorized to receive electronically notices of filing

All documents for filing in this case shall carry the following case number and designation

24-cv-23015-Williams/Goodman

**BY ORDER** of the Court this      15th      day of August 2024

ANGELA E. NOBLE
Clerk of Court

By

*Valerie Kemp*

copies provided to
counsel of record
Clerk of Court



No Further Judicial Action Required on **THIS MOTION**

CLERK TO RECLOSE CASE IF POST JUDGMENT

**Electronically Served:**
maurice svmonette, BigBOSS1043@yahoo.com


**Physically Served:**