1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

AUG 0 5 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | Hon. REDOLFO  RODRIGUEZ RR |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:24-cr-20456-JB-1 |
| | ) | |
| ALFRED LENORIS DAVIS, | ) | MOTION TO DISMISS ALL COUNTS |
| Defendant. | ) | |
| | ) | |

## AMENDED MOTION TO DISMISS CASE  AS TO Exhibits

In this matter, the genesis of the case is the prosecution of the Defendant, Mr. Davis, a

minority business man and contributing member of the community, with criminal conduct which

is alleged by the United States as a violation of 18 U.S.C. §1343, for wire fraud, and for violation

of 18 U.S.C. §1957, engaging in transactions using criminally derived property. In a five (5) count

indictment, the United States has alleged that Mr. Davis engaged in a pattern of conduct which

he, while being the owner of real property located at 20031 NW 12th Court, in Miami, FL[1], applied

for mortgages from several different federally insured financial institutions, to be secured by the

property owned by Mr. Davis. The financial institutions which were affected by this conduct were

allegedly U.S. Bank, Amerant Bank, Figure Lending, LLC, and Lower, LLC.

It is alleged in the indictment that on or about June 6, 2023, to on or about May 20, 2024,

Mr. Davis "did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme

and artifice to defraud, and to obtain money and property by means of materially false and

fraudulent pretenses, representations, and promises, knowing that the pretenses,

---

[1] The United States may also use the incorporated city township of Miami Gardens, FL for the location of the municipal address for the real property as the postal service address on the property also can be reached by this township municipality as well.

representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343". In doing so, Mr. Davis was alleged to have committed the specific fact conduct of "unlawfully enrich himself by applying for and obtaining Home Equity Lines of Credit ("HELOCs") by means of false and fraudulent representations and withdrawing and using the proceeds for his own use and benefit and the use and benefit of others.

Under the violations alleged under §1343, Mr. Davis, on June 6, 2023, submitted a HELOC application to U.S. Bank supported by false and fraudulent tax returns. Again, on June 30, 2023, Mr. Davis is alleged to have submitted a HELOC application to Lower LLC followed by another HELOC application to Figure Lending, LLC on July 8, 2023. Finally, Mr. Davis is alleged to have falsely and fraudulently represented to Figure Lending LLC that the property was free and clear of legal encumbrances, mortgages, and liens on July 11, 2023, and again to Lower, LLC on July 26, 2023 and that he had not been issued credit by Figure Lending, LLC previously. Count One involves the submission of a HELOC application to U.S. Bank on June 6 for $350,000.00. Count Two references a submission of a HELOC application to Lower, LLC for $350,000.00. And finally Count Three is the submission of a free and clear letter to Figure Lending, LLC.

Mr. Davis is further alleged to have violated §1957 through conduct described as "did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity". The conduct is alleged to have occurred through three specific counts. First, Count Four of the indictment is based upon a the purchase of a cashier's check, payable

to Boss GroupMinistries, in the approximate amount of $35,000, from an account ending in 0406 at Amerant Bank on 4 July 25, 2023. Count Five is based on the purchase of a cashier's check, payable to ALFRED DAVIS, in the approximate amount of $50,000, from an account ending in 0406 at Amerant Bank on August 1, 2023.

<u>STANDARDS OF REVIEW</u>

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of ... grounds, including [for] failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1326 (11th Cir. 2012).

Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made before trial. Fed. R. Crim. P. 12(b)(3).3 While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (reversing order dismissing indictment for two counts of trafficking and attempting to traffic in counterfeit watches). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (emphasis added) (reversing order dismissing indictment noting that "[t]here is no summary judgment procedure in criminal cases", explaining that the rules do not provide for a pre-trial determination of the evidence while highlighting that the sufficiency of an indictment is determined from its face -- and that an indictment is sufficient if it charges the language of the statute).

<u>COUNTS TO BE DISMISSED</u>

In Count One, the United States moves to indict and charge for misleading and false statements based on the submission of tax returns to U.S. Bank. On June 6, 2023, the application for the HELOC was submitted to U.S. Bank. Sometime thereafter, tax returns for Mr. Davis and

his company were submitted. This included returns for both the 2021 and 2022 tax year. There were tax forms submitted with the application to U.S. Bank. It appears that the basis of the false statement claim and submission here is based upon the tax returns themselves. There are circumstantial factors to this submission and to the core facts. The returns submitted to U.S. Bank were 1040s and 1120-S. they were submitted on June 6, 2023 prior to any returns being filed with the IRS. The forms prepared were not the correct forms to be submitted for filing. They were prepared in anticipation of filing it. However, on review and prior to submission, it was discovered that the forms were the incorrect forms and needed to be changed. For one thing, the evidence provided by the United States is clear. Evolve Financial Services was dealing with and preparing documents related to the submissions prior to the June 6, 2023 U.S. Bank submission, as early as April 10, 2023, for the tax season.

Material to the similarities, the actual accounting plays a part. The tax forms, as prepared by Evolve, we submitted to U.S. Bank. after a review of the forms, it was discovered that the 1120-S forms were not the appropriate forms to be prepared. The forms were modified and submitted to the IRS on June 19, 2023, as a 1040 containing a schedule C, which is the more appropriate reporting form so single member LLCs. But, if one reviews the forms submitted to U.S. Bank, the same gross business receipts that were on the submitted 2021 Form 1120-S submitted to U.S. Bank was the same as on the Schedule C submitted to the IRS that was attached to Mr. Davis's 1040. Based on the realization by Elvolve that there were errors in the reporting, the new returns were prepared and properly submitted to the IRS for reporting. By the time of submission to the IRS, the loan from U.S. Bank had been denied, so logic dictates that the corrected forms would have never shown up in U.S. Bank's file.

Count Two involves the submission of a HELOC application to Lower, LLC, a private lender[2], on June 30, 2023, which is a violation of §1343 based on a statement that the subject

---

[2] Lower LLC is not a federally insured lender. It's a fintech platform that offers mortgages and other financial products. While it's a registered limited liability company, it doesn't operate under the regulatory

property used to collateralize the mortgage was free and clear of any incumbrances, and that the funding for Figure's loan was not completed. At the time of the application, there was no approval and no funding had occurred. So, any statement submitted on June 30, 2023 would be materially correct as none of the mortgages complained of were approved nor funded at that point. It must be further noted that every document which was signed on July 26, 2023 that was signed by or attested to was prepared by Lower, LLC. The Form 1003 which contained a statement that mortgages did not apply at that point in time was added to the application based upon the fact that there was NO mortgage which was issued and funded at that time and not mortgage closing which had taken place. This is coupled with the fact that the documents were prepared by Lower, LLC. In a typical closing, a borrower can signed over 30 documents which are prepared by the lender and reviewed by the title copy. There are a plethora of scenarios where a title company has a duty to review the documents to ensure that they are consistent with the facts at the time of closing. One of those duties is to pull a title search prior to closing. Had this been done prior to June 26, 2023, it is likely the recorded mortgage would have shown for Figure and require an adjustment on the Lower, LLC loan, including cancellation. Mr. Davis' conduct is even consistent with it. He did not utilize any of the funds constituting the loan from Lower, LLC and left the funds in his account. He even initiated the wire of the loan proceeds back to Lower, LLC when notified about the issues. Lower, LLC suffered no material harm.

It is alleged, in Count Three, that the HELOC application sent to Figure Lending was tainted by a declaration that the subject property securing the loan was free and clear of any mortgages as of July 11, 2023, the date the document was allegedly submitted by Mr. Davis. First, we must explore what constitutes a lien on real property in Florida as to the status of whether a property is considered "free and clear". Fla. Stat. §695.01 states, "No conveyance,

---

oversight of federal agencies like the Federal Deposit Insurance Corporation (FDIC) or the National Credit Union Administration (NCUA). This means its loans and other financial products are not backed by federal deposit insurance.

transfer, or **_mortgage of real property_**, or of any interest therein, nor any lease for a term of 1 year or longer, **_shall be good and effectual in law or equity against creditors_** or subsequent purchasers for a valuable consideration and without notice, **_unless the same be recorded according to law_**; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser." In this matter, Count Three alleges that on July 11, 2023, that Mr. Davis stated that the property was free and clear of any liens and encumbrances. Under Florida law, in order for a mortgage to be deemed a lien on a property, the mortgage MUST be recorded in the public records of the county in which the property is situated. Here, the only mortgage, per the evidence provided by the Government, that would make the statement false, according to Florida law, is the mortgage issued by PNC Bank. This mortgage is the only mortgage to have priority over Figure Lending and Lower, LLC's mortgages. The public records show that this document was recorded on July 20, 2023 at Book 33801, Pg. 2788. Accordingly, the mortgage did not constitute a lien on the property until July 20, 2023. Accordingly, the July 11, 2023 was not a materially false statement at the time of submission, as alleged in the Indictment. Count Three must be dismissed.

As the allegations of the Indictment are the only conduct which the United States may convict against, Count Three cannot be proven and the document supporting count three is insufficient on its face given the mortgage from PNC, also provided in the discovery from the United States squarely contradicts it under Florida law. This is the equivalent of stating a person is legally guilty prior to an admission of guilt or verdict of guilty by a jury of peers. The statement cannot be false if the mortgage did not constitute a lien in law or in equity, in the state of Florida, prior to recordation. This brings us to the support of the allegations of §1957. If the only allegation of supporting the Figure Lending, LLC loan as illegal, as alleged in the indictment, is the alleged

false statement that the property was unencumbered, which fails as a matter of law, then the Figure Lending loan is a lawfully construct as alleged in the indictment.

This calls into question the sufficiency of the evidence related to Counts Four and Five of the Indictment. It is alleged that Mr. Davis engaged in transactions related to criminally derived funds to have cashiers' checks issued from an account held by Amerant Bank. The three checks alleged to have been issued between July 25, and August 1 of 2023. It is important to notice that the account at that period contained funds from the Figure Lending loan, which was disbursed to the Amerant checking account on July 21, 2023, in the amount of $380,988.67. If the only item rendering the Figure loan unlawful was a free and clear statement submission, then the disbursement to the Amerant account would be rendered a lawful transaction within the confines of the criminally alleged conduct of the indictment. The only funds in the account on the issuance of the cashiers' checks supporting Counts Four and Five were the proceeds from the loan issued and disbursed by Figure Lending. At that time, the were no other comingled funds present in the Amerant account. The United States has not carried its burden to prove the funds were, in fact, criminally derived based on the allegations of the indictment. Counts Four and Five must be dismissed.

This goes against President Trump's Direct Executive Order 14147 Section 301 Title 3 U.S. Code Section 1 lines 1-3 and line 8-10 (Exh.A4) the Gov. investigated Blacks for Trump for protesting the Elections but like they arresting and arresting and jailing a person for posting a political meme. And investigating Trump for Insurrection but never charging him with insurrection did President Trump they arrested Alfred Davis for insurrection but only charged him with a fake Drivers license State charge but never charged him with Insurrection but Trump'

Order says the Federal Government cannot be weaponized. To go after people from the Jan. 6th Insurrection Or against people who have different political beliefs Which is what they did in the first Case by continuously calling us insurrectionist and hoodlums and not allowing us to wear our BLACKS FOR TRUMP T-shirts in Court in the first Case all starting with the outlawed Insurrection Case for these three cases going back four years as stated in Trump's Order so therefore this Mandamus is the Courts of Appeals ORDERING the Gov. to keep Trump's Order and DROP these Cases which all started with and came from the FBI's stated reason was they were investigating the Jan.6th Insurrection Case, Exh. A. and B. and according to Assistant U.S. Atty. Jonathan Bailyn's statement in the July 11th Sentencing hearing's Transcript he said that from this case he was still Investigating other which is where case 24-cr-20456-JB and 25-cr-80076-AMC Exh. B comes from, in violation of President Trump's Executive Order 41474 article section 301, pg. (12) lines (19-25) and pg. 13 lines 1-11. where in he said (from the day Alfred Davis was Arrested after Micahiel Nichloson and Maurice Symonette about Insurrection Investigation Exh. C and questioned Alfred Davis about pictures in a book showing other people, Maurice Symonette, BLACKS FOR TRUMP and the Proud Boys concerning the Insurrection Investigation but charged him with a fake ID.).

# EMERGENCY PETITION FOR AMOTION TO DISMISS AND
# WRIT OF PROHIBITION

Pursuant to Fed. R. App. P. 21, PETITIONER, ALFRED DAVIS respectfully petitions this Court for the issuance of a MOTION TO DISMISS and writ of Prohibition directed at the Hon. Judge Jose E. Martinez and Hon. Judge Jaqueline Becerra And the United States District Court of the for the Southern District of Florida, because of inherent and horrific CONFLICTS of interest, Exh. D. for Judge Becerra, Exh. E. for Judge Martinez, Exh. F. for Judge Sanchez and Exh. G. for Attorney General Markenzy Lapointe which persists in this matter US bank is partners with Vanguard US Bancorp owners of US Bank which is the first bank mentioned in the indictment in case#24-cr-20456-JB Exh.H this Bank owned by the CIC Vanguard Blackrock and other foreign banks which is regulated by the 1938 FARA Act and in order for Jonathan Bailyn to prosecute on their behalf he must have a Foreign Regislation license regulated by the Us Government under the 1938 FARA Act which is why we ask him for his Foreign Registration License one of The reasons that we ask Assistant Attorney Jonathan Bailyn is because one. Of the Banks which is US Bank is the first Bank Mentioned in the Becerra Case for Fraud and is the Bank used by the FBA. And the PPP loans to finance the Loans is US Bank and US Bank is part owned by the CIC which is the Chinese investment

corporation which is 100 percent owned by the CCP which is the Chinese Communist Party according to the Federal Government which is partly owned by Vanguard, Black Stone and BlackRock all partly owned by China. Which means that Jonathan Bailyn must have a Foreign Regislation License according to the 1938 FARA Act. And FBI Agent Adam Weinstien in order to act on behalf of US Bank must have a Foreign Regislation License. In which we asked for that information Exh. I pgs.1-3 and for proof that US Bank is a Foreign owned Bank see Exh. J 1-6 which are in direct violation of 28 USC §455 (b)(1)(3)(4)(iii)(c)(d)-(4)(d) and 28 USC §454 which prohibits Judges from engaging in the Practice of Law and mandates immediate disqualification and recusal from presiding over the instant matter. They also tried to **COERCE** Alfred Davis into taking a Plea by having the jury there not allowing him to use his own attorney forcing him to use the Atty. Brian Kirlew the attorney who tricked him into thinking that he's going to fight the Case but he was only paid thirty thousand to get Alfred Davis to take a PLEA against Alfred Davis's will. And the lawyer also betrayed him by showing up to Court on the trial date after Alfred Davis fired him May 1st. and by email Brian said he understands that he's fired and text saying you now have to get another Lawyer or act Pro Se, Exh. K. and L. Then when Judge Becerra heard that Alfred Davis was not taking the Plea an fired Brian Kirlew she changed the Trial date from May 7th to May 5th to not give Alfred Davis time to prepare but got another Lawyer Named

Nashid Sabir who did a good Motion to Dismiss and a Motion for an extension of time but when we got to court on May 5th when Alfred and several friends, family and Witnesses of the fired Attorney Brian Kirlew for no reason showed up to court to talk to Alfred about taking the Plea. Alfred said no he wanted to go to trial Prosecutor Jonathan Bailyn shows up to court with a Bullet proof vest on telling Alfred Davis's Attorney Nashid Sabir that our Organization is going to kill him. To scare Al's Attorney away from us. Then we were informed by the Prosecutor and the Judge that we couldn't use our Attorney. And we were told that Alfred could not use Maurice Symonette as a Witness and could not use his other Witnesses who's going to bring in the evidence (receipts) as contractors to show that he was fixing up the house and thereby using the loan for that purpose. On his personal house. And the Judge already had 50 jurors out there ready to have trial. The Judge said that if he didn't take the Plea that he would have trial and if found guilty he would be remanded to jail today. Then the Judge did a striking of Attorney Nashid Sabir's Notice of Appearance. And put the fired Attorney Brian Kirlew as the Lawyer in charge of Al's Case against Al's will. And the Judge struck out of the record Attorney Nashid Sabir's Al's Attorney of choice Motion to Dismiss. And the Judge said that Al cannot use his chosen lawyer, in violation of the Sixth Amendment and gave no time to prepare. Take notice when the Judge entered into the Court room she never announced **JURISDICTION**. Even after we asked her

to. And she read to Al Her Plea and after she read the Plea. That Al didn't understand and was in fear for his life. for She allowed Al to walk out of the Court room without a signed Plea colloquy and Attorney Brian Kirlew never signed Federal Rule 11 and said he has to report July 24th for Sentencing Al got up and left and they did not require him to sign a Plea Colloquy to be put on record which is required by law has done no Presentencing investigation and So therefore the SENTENCING must Prohibited.

## SUMMARY ARGUMENT SUPPORTING ISSUANCE

THIS CASE is wrought with inherent conflicts and conduct which requires the presiding judges to take certain actions when directed, by the Petitioner, that there is a violation of due process and either mandates the presiding judicial officer to (i) either do something that is required by the law, or (ii) refrain from doing something which the law does not allow. Either way, this petition is directed at the Court to conduct itself in a manner which comports itself and is not violative of the Petitioner's due process rights.

Judge Becerra, when presiding over the matter and in open court, when requested by the Petitioner, never openly cited her jurisdiction for the record, which is a violation of Article 3 of the Federal Constitution and Federal Rules of Criminal

Procedure 18. When seeking to get a copy of the transcript in order to provide evidence of this point, requests have been obstructed and she now will not allow the release of the Transcript in direct violation of the Supreme Court's decision in, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956)(Requiring the provision of transcripts for review of criminal proceedings for indigent persons under 14th Amendment of the Constitution).   By denying and obstructing such a request, she's in violation of her Oath of Office (5 U.S.C. §3331) and is engaging in conduct which is a Misprision of Felony (18 U.S.C. §4). For Conflicts of Interest against the U.S. the penalty is Treason (18 U.S.C. §2381).

Petitioner also demanded that certain documents which would show that the prosecution did not qualify to hold office by failure to meet the mandates which, not only qualify them to hold office during good behavior but also exercise and wield the prosecutorial power of the United States. Failing that qualification, the prosecuting officers of this District do not meet certain qualifications entitling them to hold office and wield such power to prosecute the Petitioner.   Hon. Judge Jaqueline Becerra and Hon. Judge Jose E. Martinez have been requested to and should file an order for U.S. Attorneys Jonathan Bailyn and Markenzy Lapointe to produce the requested and required documents which a mandated by the strictures of due process: (i) a properly executed Grand Jury Warrant, (ii) a properly executed Grand Jury Indictment (according to Rule 6 and 7 of the Federal Rules of Criminal

Procedure), and (iii) a legal search Warrant that must be reflected on the record and we have the whole certified copy of the Docket and there is no Grand Jury Warrant, Minutes, no regular Warrant and  both Grand Jury Indictments have no Forepersons redacted even though the Dockets on both Dockets say unredacted and they're not sealed, of which both Indictments are the same all in violation of FRCP (6) and (7) and (Federal Rule of Criminal Procedure 41)' Exh. K (1-3).  In addition to these documents, it is also required that Jonathan Bailyn provide Proof of Citizenship to work as an U.S. Attorney in the United States, as required by executive Order 11935 signed by President Gerald Ford on sept.2, 1976, a copy of his Oath of Office (5 U.S.C. §3331), a copy of his Financial Disclosure Statement required to be filed annually since holding office, out of four pages of 380 public defenders and prosecutors Jonathan Bailyn is the only one that does not have financial disclosure statements, Exh.J (Ethics and Government Act 5 U.S.C. §208 and the regulations at 5 C.F.R. Part 2634 Subpart J, 5 C.F.R. Part 2634 Subpart I, and 5 C.F.R. Part 2634 Subpart H) and we have asked for  a Foreign Registration License. I have performed a diligent search everywhere in the required public records and can't find where disclosing that he's a U.S. Citizen, a requirement to hold office and exercise prosecutorial power, This MOTION TO DISMISS  must be honored unless our saying that Black people cannot shop for loans and that the supreme court doesn't matter when they said if you sign the application before any money hits the record

then you cannot charge Fraud or and if you are saying that a Fraudulent paper was turned in by Alfred Davis to U.S. Bank with no Signature that that is somehow fraud. Not withstanding the fact that he turned in the correct papers from the IRS signed by him with the exact same numbers that no reasonable person could think anybody could that stupid it was obvious that U.S. Bank gave him the money didn't do a loan to Alfred Davis and that U.S. Bank is the Bank that tried to Foreclose on Alfred Davis and Boss Group Ministries of which Alfred Davis is the Vice President and Treasurer of. They're trying to Foreclose on the property illegally and Judge Martinez. U.S. Bank had no Allonge Fl. Stat.692.01 and 692.101(3)(4) Exh.L, Assignment Fl. Stat. 695.26(1)(a)(b)(c)(d)(e) Exh.Y, they filed Fake payment forms to Homecomings to make it look like we owe them Exh. Z PGS 1-3. Judge Valerie Manno Schurr said she did not sign those dismissal documents see gods2.com video# C and we have 6 invoices of proof that we paid Axiom bank Exh.U pgs 1-6, the Judges did it without jurisdiction they started the Case in 2007 with Judge Sara Zabel then she dismissed it with Prejudice Exh.V, then Judge Valerie Manno Schurr dismissed it with Prejudice again Exh.W, then dismissed it without Prejudice in Exh. X 2010 in violation of Ford v. Calloway A Judge can't change another Judge's Order that in the same circuit. Martinez agreed with us that it's a federal case even and they couldn't get it Remanded Exh.S. Even though Rodolfo said he doesn't agree with us. should only be used if there's an improper delay of the case

and they have known since May 5th that I was supposed to show up July 24th to a hearing for my non Plea agreement that I rejected on the second day of my Coerced Plea agreement and now they're just trying to waste time until the 26th to remand me to jail without a trial even though Federal Rules you have 3 days to back out on an agreement on the docket there is no signed filed Plea Agreement so this is just a verbal agreement with nothing on the record because they won't allow the transcript to show on the record because it would show that Judge Becerra never invoked her Jurisdiction over the Case so this was a Mock Trial setup. And a non written non signed by Brian Kirlew nor the Defendant Alfred Davis that now falls under the Authority of the Federal law which says you have three days to recind a Federal contract especially if it does not pertain to this Federal Criminal Case agreement that Federal Rules of Criminal Procedure 11(c)(1) says Plea agreements must be on the record to be valid and because there's no signed any AGREEMENT on the record because I never agreed and didn't sign any PLEA COLLOQUY so the fake non announced jurisdictional  Plea agreement because its void Federal Rules of Criminal Procedure (11)(c)(1). In case# 24-cr-20456-JB. All charges must be reverted back to its Original before I took the so-called unrecorded

Plea should be dropped and both of the pending cases, *U.S. v. Davis*, 24-cr-20051-

JEM, *U.S. v. Davis*, 24-cr-20456-JB and 25-cr-80076-AMC and be dismissed with Extreme Prejudice immediately for want of authority in violation of due process.

## **BASIS FOR INVOKING JURISDICTION**

The request for relief under this petition is directed at federal officers practicing before this Court and the presiding judges. As a result, the jurisdiction for these petitions lies in two areas. First, Fed. R. App. P. 21 governs the practice of filing for the issuance of a MOTION TO DISMISS/prohibition. The All Writs Act (28 USC §1651) provides discretionary mandamus/prohibition powers to the federal courts of appeal, in aid of the courts' existing or future appellate jurisdiction. See *La Buy v. Howes Leather Company*, 352 U.S. 249, 77 S. Ct. 309, 1 L. Ed. 2d 290 (1957); *In re Baldwin*, 700 F.3d 122 (3d Cir. 2012); *In re Brown*, 932 F.3d 162 (4th Cir. 2019); *In re Syncora Guarantee Inc.*, 757 F.3d 511 (6th Cir. 2014); *U.S. v. Tillman*, 756 F.3d 1144 (9th Cir. 2014); *In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019) in the instance that this Court is exercising appropriate jurisdiction on a independent basis. To the extent this petition applies to the federal officers attempting to exercise prosecutorial power, the District Court's authority to mandate actions on the federal officers lie independently and are exclusive to the District Court. See *In re Reynolds*, 767 Fed. Appx. 363 (3d Cir. 2019); *In re Tennant*, 359 F.3d 523 (D.C. Cir. 2004).

## BLATANT REASONS WHY THE REASON THE CASE SHOULD BE DISMISSED ALSO REQUIRED BECAUSE THEY COERCED A PLEA AND  VIOLATED RULE 11 WHICH SAYS YOU CANNOT COERCE A PERSON TO TAKE A PLEA

1.      It would cause a irreparable injury without immediate judicial relief: like Alfred Davis is facing 60 years by July 24th and they are continuing on without Any right to do so because they will now answer any of my motions for example the video of trial will prove that judge Martinez has been altered and changed by the prosecution and court. So this case must be stayed and prohibited from going forward until the requested information is delivered to us which would prove prosecutorial and judicial misconduct. When waiting for the administrative or appellate process to conclude Would cause severe and irreversible harm, a court might consider waiving The exhaustion requirement.


2.  Substantial constitutional question: in certain cases where a Plaintiff has raised a significant constitutional issue. Like in the case with all the Judges and the prosecutors have money Conflicts of Interest of which the law says they  shall disqualify themselves off the case but they ignore us and never answer the codified mandate of 28 USC 455 SS (a)(b) because they have a Conflict of interest . The exhaustion requirement might be waived. So please waive the exustion requirement concerning this case because we have a July 24th sentencing hearing

for a Plea that he did not take and rejected Exh. T. wherein he faces 60 years some of the reasons that a MOTION TO DISMISS is done without Appeals is the courts deliberate delay so that they can achieve a phoney sentencing between May 5th 2025 and July 24th 2025 to remand Alfred Davis to JAIL for 60 years and the general rule to get the Mandamus without a appeal is to ask over and over again and they know we need answer but they won't answer none of our Motions though they defaulted on our Injunction 2025 our Interlocatory appeal 06/09/2025 LINE 67 -53 CASE 24-CR-20456-JB ASKED WITH MOTIONS OVER and Over again but never answered  this is when it is

The Mandamus should go through because we did an injunction. They didn't answer and defaulted. They knew we were under a time restraint until July 24th. We asked by doing an injunction the first rule they broke is no jurisdiction, Markenzy Lapointe has Conflict of Interest in the amount of $2million in Mortgages and $615,000 in cash from US. Bank. And Judge Jaqueline Becerra has a Conflict of Interest in the amount of $150,000 with U.S. Bank. Then Judge Jaqueline Becerra has a Biased Conflict of Interest because she was on my first case for a paper drivers license Case# 24-cr-20051-JEM then got on my case for wire fraud case# 24-cr-20456-JB. Federal Judge Jose E. Martinez has a $250,000 Conflict of Interest with U.S. Bank and Federal Magistrate Judge Eduardo Sanchez

has the same Conflict of Interest With U.S. Bank. The laws they broke : we did an injunction, amicus Brief showing that they changed the Transcript. And a $250,000 conflict of interest we did motions of the recusal Conflict of interest. We did a motion for a change of Venue that ask for all of that. We did a injunction that asked for all of those SAME THINGS BUT NO ANSWERS and they defaulted and never ANSWERED those SAME QUESTIONS  And we did motions to ask for those same situations. We did a writ of Prohibition that ask for those same things. We did motions one of the motions asking for them to rule on those same things.  would not allow us to use our lawyer of choice in case 24-cr-20456-JB One of the laws is 1.  going against President Trumps Executive Order 14147 title 3 section 301 The law where the Supreme court said if you do the application before the Mortgage of record you cant call it fraud Rule that says 18 USC §1344 you cannot prosecute on behalf of a private lender. And they broke the rule. The law that says you cannot change the document like the Transcript of Mary ann Casale ( they changed the Transcript). Blackstone is partners with China and are the owners of us bank which is why Bailyn was supposed to have a FARA License. And we asked for Bailyn's Citizenship, cant get his Financial Statements. And they did not allow us to get a copy of the Transcript. And Bailyn lying along with Judge Martinez saying we cannot have a copy of the audio. They had no search warrant in violation of Federal

Rules of criminal procedure 41. Alfred Davis had under his control or in his possession at any time, so they possessed not one indicia of evidence that Petitioner possessed, used, controlled or maintained any device meeting this definition. And when the Petitioner was found guilty by the Jury before Judge Jose E. Martinez, the judge disagreed with them in a hearing on May 15th, 2024 and said that AUSA Jonathan Bailyn had ***no proof, no Witnesses and that no one pointed out Alfred Davis in the commission of this crime[3]***. Both of these Judges are in violation of President Trumps Executive Order, Title 3 Section 301, which prohibits the weaponization of the Law because they know Alfred Davis is an ardent "Blacks For Trump" supporter and openly supports Trump so not only do the federal prosecution officers weaponize the law and violate Alfred Davis's rights in retaliation for his open and apparent support of President Trump, but the presiding judges also allows this conduct to continue unchecked, even when it is pointed out to them, totally unjust. FBI Agent Adam Weinstein called and said to Micahiel Nichloson he was Adam Weinstein from the FBI, stating that "I am investigating the Jan.6th Insurrection incident" and then they ask to speak to Michael AKA Maurice Symonette. FBI Agent Weinstein said to Maurice Symonette that he was

---

[3] It is important to note that this transcript which reflects this comment by the Judge is not being provided, as requested and is material proof that the record reflects that the judges are violating the Petitioner's due process rights because they are purposefully withholding evidence which can help the Petitioner in his cause.

investigating the Jan.6[th] Case for Insurrection and asked Maurice did he and the "Brothers"[4] go into the U.S. Capital, *see Exh. (A) and Exh. (B)*. Then FBI Agent Adam Weinstein went to Alfred Davis's office and showed him a book of pictures and asked Alfred Davis if he could identify any people that were shown to him in the pictures of this book which had pictures of the Blacks For Trump Brothers, Maurice Symonette, along with Proud Boy's member Enrique Tarrio and other Proud Boys. Alfred Davis refused to speak with them talk to them, invoking his right to an attorney and said speak to his Lawyer. Then FBI Agent Weinstein arrested him on a state charge of Counterfeit Access Machine as Alfred Davis found out later which was not what the original inquiry was related. And when the brothers and sisters went to Court for Alfred Davis, Judge Jose E. Martinez prohibited the group from wearing our Blacks For Trump T-shirts even though other Judges said we could wear them in the Court room, ***a clear suppression of protected political speech in violation of the First Amendment,*** reflecting a propensity of not only a willingness to violation the Constitution as a member of the judiciary who is suppose to uphold it, but also biased conduct toward the political preference of Alfred Davis and those who came to support him. But in this CASE they asked the Judge Jose E. Martinez, which he said the prohibition was because it was because

---

[4] Meaning the members of "Blacks for Trump".

the persons wearing the shirts were Jan 6th Insurrectionist, ***showing a true bias and***

***partial attitude toward Alfred Davis and those who supported him***.

**And now FBI Agent Adam Weinstein is hiding from Trump because Trump**

**Ordered all FBI Agents who worked on the Insurrection Case Fired and so now**

**Maurice Symonette is a Whistleblower on him. Because Trump ordered all FBI**

**Agents that had anything to do with the jan.6th Insurrection Case be Fired.**

**(Exh.M). And yet FBI Agent Adam Weinstein is still working on this case he**

**stemmed from the Jan.6th Insurrection Case in Violation of Trumps Executive**

**Order which is Treason.**   Thus, the entire basis for the charges, which are founded

in the Insurrection case are fruit of the poisonous tree and should not continue. Then

on 05/06/2024, Alfred Davis was forced to trial for Counterfeit Access Device, and

found guilty but coconspirator *Judge Martinez exclaimed in court that he Disagreed*

*with the Jury, The Judge said I'm doing my own Directed Verdict on July,11th 2024,*

*and leaving Alfred Davis out on Bond and didn't remand Alfred Davis to Jail as*

*requested by Prosecutor Jonathan Bailyn because the Prosecutor could not and did*

*not PROVE their Case, brought no evidence (The Counterfeit Device Machine) and*

*no Witness pointed out Alfred Davis for anything!*

All in violation of Discovery Rules mandated on this Court (failure to

Cooperate in Discovery). But right before the Sentencing hearing of July 9th,

Maurice Symonette and Micahiel Nichloson saw the Transcript at the Gov. Clerk's

Office and then the next day July 10th Maurice Symonette and Alfred Davis went to the Federal Clerk's office to ORDER the Transcript but we saw that they changed the Transcript by taking out Judge Martinez's Statement, ***Judge Martinez*** ***exclaimed in court that "I Disagree with the Jury, I'm doing my own Directed*** ***Verdict on July,11th 2024, and leaving Alfred Davis out on Bond and didn't*** ***remand Alfred Davis to Jail as requested by you Prosecutors because you*** ***Prosecutors did not PROVE your Case, brought no evidence (The Counterfeit*** ***Device Machine) and no Witness pointed out Alfred Davis for anything"!*** ***Affidavits of Court Room attendants who witnessed and heard Judge Martinez*** ***say this, Exh. N. 1-6. And now they changed it to say on page 64 lines, 1-3 Judge*** ***Jose Martinez changed ILLEGALLY on the Transcript to say "I'm not sure. I*** ***think there's enough issue in this case that I think I'll let him out until, at the*** ***very least, until. Sentencing", Exh. E page 64 lines, 1-3.***

Alfred Davis is acting Pro-Se because he FIRED BRIAN KIRLEW as his attorney. Because Alfred Davis knows that KIRLEW is betraying him for the "30 Pieces of JUDAS SILVER", ***(EXH.K).*** And Brian Kirlew knew he was fired because he received a text message on his phone from Alfred Davis terminating his representation and replied to that TEXT saying that he understood that he was fired and that his assistance was no longer needed. He even said Alfred Davis has a Constitutional right to the Lawyer of his choice or to represent yourself so there is

no hard feelings here, ***Exh. (L)*** WHO ACTUALLY SHOWED UP TO COURT UNINVITED TO TALK Alfred Davis into taking the Plea with the threat of the Judge having 50 PEOPLE TO CHOOSE FROM JURY outside the Courtroom ready to try the Case that day. BRIAN KIRLEW CAME UNINVITED and told Alfred Davis that his new attorney NASHID SABIR was weak as an attorney and can't practice in Federal COURT and JUDGE Becerra said that Alfred Davis MUST KEEP HIS FIRED ATTY. BRIAN KIRLEW and the PROSECUTOR told Alfred Davis's new attorney that "Our organization was going to harm him" (statement directed at ATTY. NASHID SABIR) while the Prosecutor was wearing a big Bullet Proof Vest and told Alfred Davis' Atty. Nashid Sabir that Alfred Davis could not have any Witnesses to force Alfred Davis take a Plea. THIS IS COERCION IN UTTMOST AND THE ABSOLUTLEY WICKED JUDGE BECERRA WOULD NOT GIVE ALFRED DAVIS A CONTINUANCE TO PREPARE LIKE SHE DID IN OTHER ***WHITE PEOPLE'S*** CASES LIKE HER TRIAL ON CASE *WENDY MORALES FUENTES VS THE UNITED STATES*. THIS IS TOTAL SICK DISCRIMINATION ***(EXH.H)***, ESPECIALLY WHEN SHE READ THE MOTION TO DISMISS BY ATTY. NASHID SABIR THAT SHOWS THAT THE SUPPREME COURT SAYS IT'S LEGAL TO SAY THERE IS NO MORTGAGE ON PROPERTY AS LONG AS YOU SAID IT BEFORE IT WAS RECORDED ON BOTH PRIVATE BANKS FIGURE BANK AND

LOWER LLC, FL. STAT. §695.01 AND THE SUPREME COURT SAYS THAT MISLEADING A BANK IS NOT ILLEGAL TO MISLEAD BANKS, 18 USC §1014 AND US SUPREME COURT *THOMPSON V UNITED STATES* AND THE JUDGE KNOWS THAT THE GOV. CANNOT PROSECUTE FOR PRIVATE LENDERS THEY MUST DO THEIR OWN DUE DILLIGENCE AND THAT'S CIVIL. 18 USC §1344 AND THE JUDGE KNOWS THAT THE PROSECUTOR HAS NO PROBABABLE CAUSE TO SEARCH ALFRED DAVIS' EMAIL ESPECIALLY FROM US BANK BECAUSE THERE WAS NO COMPLAINT FROM US BANK AND BECAUSE THEY NEVER LOANED ALFRED DAVIS, SO THERE WAS NO HARM HERE, ANY MONEY AND THE PROSECUTOR HAS NO GRAND JURY WARRANT TO HAVE ALFRED DAVIS' EMAIL SEARCHED AND THEY HAVE NO GRAND JURY SIGNED INDICTMENT , AND NOT HAVING THE GRAND JURY WARRANT OR THE GRAND JURY INDICTMENT OR GRAND JURY MINUTES WHICH VOIDS THE WHOLE CASE, FED. RULES OF CRIMINAL PROCEDURE RULE 6 AND 7. IT CANNOT JUST BE SIGNED BY THE US ATTORNEY MARKENZY LAPOINTE WHO HAS $2MILL. CONFLICT OF INTEREST WITH ONE OF THE PROPORTED VICTIMS THROUGH MORTGAGES WITH US BANK AND $615,000 DOLLARS IN CASH FROM US BANK, ***EXH. I*** AND BAILYN, OUT OF 380 PROSECUTORS AND PUBLIC DEFENDERS IN FLORIDA,

FROM 2020 TO DATE IS THE ONLY US ATTORNEY THAT DOESN'T HAVE THE FINANCIAL AFFIDAVIT Exh.**J** REQUIRED BY THE FED. GOV. ON FILE, SO THEY MUST BOTH DISQUALIFY OFF THE CASE NOW ALL MUST BE CHARGED WITH MISPRISSION OF FELONY AND A VIOLATION OF THEIR OATH WHICH IS TREASON.

STANDARD OF REVIEW

The common-law MOTION TO DISMISS against a lower court is codified at 28 U.S.C. §1651(a): "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Ex parte Fahey,* 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Although courts have not "confined themselves to an arbitrary and technical definition of 'jurisdiction,' " *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), "only exceptional circumstances amounting to a judicial 'usurpation of power,' " *Id..,* or a "clear abuse of discretion," *Bankers Life & Casualty Co. v.*

*Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953), "will justify the invocation of this extraordinary remedy,", 389 U.S., at 95, 88 S.Ct. 269.

As the writ is one of "the most potent weapons in the judicial arsenal," *id.*, at 107, 88 S.Ct. 269, three conditions must be satisfied before it may issue. *Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires," *Id.*—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, *Fahey*, supra, at 260, 67 S.Ct. 1558. Second, the petitioner must satisfy " 'the burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " *Kerr*, supra, at 403, 96 S.Ct. 2119 (quoting *Bankers Life & Casualty Co.*, supra, at 384, 74 S.Ct. 145). Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Kerr*, supra, at 403, 96 S.Ct. 2119 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 112, n. 8, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)). These hurdles, however demanding, are not insuperable. This Court has issued the writ to restrain a lower court when its actions would threaten the separation of powers by "embarrass[ing] the executive arm of the Government," *Ex parte Peru*, 318 U.S. 578, 588, 63 S.Ct. 793, 87 L.Ed. 1014 (1943), or result in the "intrusion by the federal judiciary on a delicate area of federal-state relations,"

*Will*, supra, at 95, 88 S.Ct. 269, (citing *Maryland v. Soper* (No. 1), 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926)).

## QUESTIONS RAISED ON PETITION AND LEGAL ANALYSIS

## DOES THE DISTRICT COURT HAVE JURISDICTION?

The Petitioner answers this question, in his opinion and based upon controlling law, in the affirmative and based upon this Courts reasoning. No it does not. Both Judges on my Cases in the District Court have Conflicts of Interest Judge Jaqueline Becerra in the amount of $150,000 with U.S. Bank and Judge Jose E. Martinez in the amount of $250,000 with U.S. Bank. As a result, this is a violation of their Oath of Office (5 U.S.C. §3331) and inherent financial conflicts as to one of the purported victims. Thereby making them lose Jurisdiction to exercise and judicial power know of the existence of the conflicts, because they committed Conflict of Interest against the United States which is Treason (18 U.S.C. §2381).

This brings us to the mandatory recusal required here. Generally, a voluntary, unconditional guilty plea waives all non jurisdictional defects in the proceedings. *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir.1986) (per curiam).

Section 455 creates two primary reasons for recusal. See 28 U.S.C. § 455(a)-(b). A judge should recuse himself under § 455(a) when there is an appearance of impropriety. See id. §455(a). Section 455(a) provides, "Any justice, judge, or

magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Thus, the standard of review for a §455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988), and any doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989).

On the contrary, a judge should recuse himself under § 455(b) when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality. 28 U.S.C. §455(b)(1)-(5).5 For example, a judge should recuse himself "[w]here he has a personal bias or prejudice concerning a party" or "[w]here in private practice he served as [a] lawyer in the matter in controversy." *Id.* §455(b)(1)-(2). Recusal under this subsection is mandatory, because "the potential for conflicts of interest are readily apparent." *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir.2001) (internal quotation marks omitted).

Thus, the differences between the two subsections are evident. While subsection (b) sets forth specific circumstances *requiring* recusal, which establish the fact of partiality, subsection (a) sets forth a general rule requiring recusal in those situations that cannot be categorized neatly, but nevertheless raise concerns about a judge's impartiality. See 28 U.S.C. §455(a)-(b). Although both subsections provide reasons for recusal, subsection (b) is *stricter* than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated circumstances exists, there can be no dispute about the propriety of recusal. Under subsection (a), however, whether recusal is necessary is not as readily apparent. As subsection (a) does not set forth specific circumstances requiring recusal and instead provides a general rule requiring recusal when there is an appearance of impropriety, we must ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker*, 855 F.2d at 1524.

Indeed, the treatment of subsections (a) and (b) under §455(e) further demonstrates the differences between these subsections. Section 455(e) provides, "No justice, judge, or magistrate judge shall accept from the parties ... a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided

it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. §455(e). Thus, a party can waive recusal under §455(e) when the motion is brought pursuant to § 455(a), but cannot waive recusal when the motion is brought pursuant to § 455(b).

So here, the conflicts are readily apparent in that the financial interests of the judges were within their knowledge prior to the criminal actions even beginning against Alfred Davis. There is not one reason that, knowing the conflict existed, that Alfred Davis should have not suffered any ruling of the Court after this apparent conflict. There is not one reason that the judges should remain presiding over this case or issued any rulings after the apparent conflicts of the financial interest are present. With the conflict in place, the actions of the Court are void. The Supreme Court early explained the effect of a court acting without jurisdiction as follows, "[If a court] act[s] ...without authority, its judgments and orders are nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." *Elliott v. Peirsol*, 26 U.S. (1 Pet.) 328, 340, 7 L.Ed. 164 (1828), cited with approval, *Kalb v. Feuerstein*, 308 U.S. 433, 438–39 n. 8, 60 S.Ct. 343, 84 L.Ed. 370 (1940). The conflicts does not allow the presiding judges to move forward and continue to rule and issue orders in this matter.

Additionally, the appearance of partiality also exists in that the judges would not allow Alfred Davis a choice of his counsel.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The accused, however, does not have the absolute right to counsel of her own choosing. See *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). While "a party is presumptively entitled to the counsel of his choice, that right may be overridden [ ] if [a] compelling reason[ ] exist[s]." *In re BellSouth*, 334 F.3d at 961 (internal quotation marks and citations omitted). In other words, one's right to the counsel of their choice does not equate to an absolute freedom of said choice: "[counsel] ***must*** not have a conflict of interest with another party." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983). Here, Alfred Davis chose to have attorney NASHID SABIR represent him in his defense. There is not any nexus between the choice of NASHID SABIR as counsel and the United States. NASHID SABIR is not a employee of the United States nor does he represent the Department of Justice. There can be no conflict here by Alfred Davis' employment of attorney NASHID SABIR. He meets the standards of adequate counsel under the Constitution in that he is trained in the law, a member of the bar of this state and licensed to practice before this Court. A denial by this Court is a denial of a valuable Sixth Amendment

constitutional right. There is no principled reason Alfred Davis's choice of counsel

should have been denied. Further, this matter is augmented by the fact that Attorney

BRIAN KIRLEW is acting with opposing interests to Alfred Davis. There was no

desire to take the plea and Alfred Davis conveyed this to BRIAN KIRLEW, yet that

attorney did not take the instruction from Alfred Davis that he did not want to plea.

He felt was necessary that he could take the matter to trial and win it.

## BELOW ARE THE VIOLATIONS THAT BOTH JUDGES JAQUELINE BECERRA AND JUDGE JOSE E MARTINEZ DID LISTED

1. CONFLICT OF INTEREST (28 USC SS455 (b)(1)(3)(4)(iii)(c)(d)-(4)(d)
2. Misprision of felony (18 U.S.C. 4)
3. Violation of Oath of Office (5 U.S.C. 3331)
4. Treason (18 U.S.C. SS2381)
5. Jurisdiction (article 3 of the Constitution and Federal Rules of Civil Procedure 18
6. Violation of the Supreme Court Order, Griffin V. Illinois (Judge Becerra won't allow release of Transcript.)
7. Violation of 26 U.S.C. SS455(b)(1) Knowledge and Biasedness (because Judge Becerra was the Judge on my other Case)
8. Violation of Federal Rules of Civil Procedure (6) and (7) (Wrote an ORDER to SEAL in the other Case with no Grand Jury Warrant, no Jurisdiction, no grand Jury indictment and no Grand Jury Minutes.)

9. MOTION TO TAKE NOTICE OF NEW EVIDENCE ON THEMOTION TO DISMISS
10.
11.    And when you look at the Docket on the first line which was never sealed

it says unredacted indictment. Now we have the whole certified copy of the

docket that we got 06/13/2025. That shows that the Indictment is redacted

illegally. In  No warrant to search his email, etc.. No grand jury warrant, no grand jury minutes is on the certified copy of the docket. You got a copy of the record, you don't have a certified copy.  And we went through the whole Docket And none of those documents are on that certified record. On the docket on the first line it says that the Indictment is not sealed or redacted. But on the line where the Indictment is, the foreperson's signature is redacted and or whited out. Which is illegal and voids the Case & the fake indictment!. Certified copy of Whole Docket and at 1st line of Docket it says unredacted indictment. And it's not sealed but the indictment illegally Redacts the indictment. Judge Martinez is on the notice of removal foreclosure case that U.S. Bank was trying to Foreclose on us Boss Group Ministries for our house located at 15020 S. River Dr. Miami Fl. 33167. Owned by Boss Group Ministries a company that Alfred Davis is the Vice President and Treasurer of with Maurice Symonette as the President. And Judge Martinez had a Conflict of Interest of $250,000 from U.S. Bank along with Eleven other Judges who had the same Conflict Of Interest in the State and Federal Court. And now Judge Martinez is on the Drivers License Case against Alfred Davis as part of a plot to take the house. All of this is a Conflict of Interest. And Judge Becerra was the first judge on the Drivers License

Case#24-cr-20051-JEM. And now she is the Judge on the Fraud case in which

she has a Conflict of Interest with U.S. Bank in the amount of $150,000 on

pg.4 lines 2 and 10 of her Financial Disclosure Statement. and the first bank

listed in that indictment as a non complaining victim was U.S. Bank charged

with wire fraud. So all the Judges are gaining up on Alfred Davis one of the

owners of the house to take the house from a Veteran and a Cripple man.

All of this is a conflict of interest with U.S. Bank. The whole case Stems from

the Jan.6[th] Insurrection shown in the July 11th transcript on Case#24-cr-

20456-JB on pgs.15-19.

*And the Trump's PROGO Order that has stopped almost 98% of the PPP Fraud*
*Cases from being Prosecuted for much much bigger PPP Fraud than what they*
*are accusing Alfred Davis of. But only Blacks for Trump Leaders Alfred Davis is*
*Charged with this PPP Fraud wherein there are no victims or complaints all in*
*violation 18 USC SS 1334 especially because all the Loans were planned by*
*President Trump to be forgiven Grants, which is a no loss and no harm to the*
*Lender Loans but BLACKS for TRUMP Leader was Indicted anyway, by the*
*same Federal Prosecutor who said BLACKS FOR TRUMP leader Alfred Davis*
*doesn't deserve to live in a Condo on the Bay in Miami Beach "What did the*
*Defendant get for his lie? He got to live and be a resident and gain access  to all*
*of the amenities that the beautiful luxury condominium offers at 400 Sunny Isles,*

*to the pool, the tennis courts, the security, all the things that the defendant, Alfred Davis, wasn't entitled to in his own name. as a BLACK MAN, see TRANSCRIPT pg. 18 lines 11-15 Exh.Z which is RACIST, SICK and EVIL DISCRIMINATION in violation of the Civil rights Act of 1964, 42 USC 1971 A landmark legislation that Outlawed DISCRIMINATION based on Race, Color, Religion, Sex, or National Origin. This is outright RACIST SICK DISCRIMINATION Because his mother was the Renter of the CONDO who never missed a payment so there was no Complaint or Probable Cause and we have a COPY OF THE DOCKET and we searched the whole Docket and there is no Search Warrant for the FBI to use to Search his Info. Email or anything about Alfred Davis. The fact is that Alfred Davis's mom gave Alfred Davis access to that Condo by doing what all other White People who were Renters or Owners of the Condos did to give their family and friends access to that property they gave them a Fab that gave them access to the elevator at 400 Sunny Isles, to the pool, the tennis courts, the security, all the things that the defendant, Alfred Davis, wasn't entitled to, according to the Racist U.S. Attorney Jonathan Bailyn who we believe is not even an American Citizen in violation of the DOJ Rule which says you must be an American Citizen to Prosecute an American Citizen in America. Gerald Ford's Executive Order 11935. Bailyn is like RACIST James Brock who poured ACID in his Hotel swimming pool to run black people out of the pool because he was*

*Racist like Bull O'Connor who beat Martin Luther King in the Marcher's in Alabama, George Wallace who wouldn't allow Black students into White Schools. And like the men who wouldn't allow Nat King Cole, and Sammie Davis Jr., Ray Charles, and others to live in their houses, neighborhoods and "Condos" like the ones who burned a cross on my mother's front yard when we first moved into our all white neighborhood. Assistant Attorney Jonathan Bailyn said our non-profit charitable Organization Boss Group Ministries was not a real charity and that we were just Hoodlums throwing Raucous parties* when in actuality we threw big charitable events every Sunday to feed the POOR and yearly to raise money for the VETS for over ten years called the American Gala Awards with Colonel Colmenares who's over The Homeless Veterans Foundation with the City of Miami With Miami's Mayor Regalado with hundreds of Latin, Black and White Stars Performing for free with singer Maurice Symonette's Band who all sang and Performed for free to raise money homeless VETS with other Veterans groups, Exh. N. And Bailyn hated the fact that we were doing a big event with all these Latin, Black and White Stars and Bailyn knew we were doing a big event with all of these stars wherein we were going to give President Trump a Haitian Doctorate degree at this event and had Trump on video saying that he was coming to the event to receive the Haitian Doctorate Degree. Which would have drawn Millions of people, See Americangala.com. This Racist hates Blacks and any unity between

Black and White People and anybody who defends Attorney General Jonathan Bailyn is a RACIST and if you are Black you are Paid off Slave Beating Sambo like Florida's Untied States Attorney General Markenzy Lapointe who got paid $2million in Mortgages and $615,000.000 cash from U.S. BANK in violation of 18 USC 208, Exh. I. U.S. Bank is the first bank mentioned in Alfred Davis's Indictment on pg.2 #4.Which is signed by the Slave Beater U.S. Attorney General Markenzy Lapointe on pg.6. As the U.S. Attorney with the Racist Slave Master Assistant U.S. Attorney Jonathan Bailyn to Prosecute (Persecute) Alfred Davis and put Alfred Davis in JAIL (SLAVERY) for 60 years DAMN!. We also found out that Jonathan Bailyn Prosecutes mostly Black people and lots of White and Latin Police Officers with these fake charges, we did an Injunction Case#25-cv-80521-RLR on Markenzy Lapointe and Jonathan Bailyn to stop these Racist actions and they had nothing to say and Defaulted. In the mean time while their accusing Alfred Davis of Fraud we know for sure that Jonathan Bailyn committed Fraud because he approached Alfred Davis's Laywer with a Forged lease with Alfred Davis Mothers Forged Signature on it. This was all fraud because Alfred Davis's mother never owned an Apt. and the signature on that was Forged and the Signature doesn't match Alfred Davis Mother's Signature on this Lease, Exh. M.. So while they're Prosecuting Alfred for Fraud while Bailyn is committing fraud. So they accuse you of what they are guilty of. These are the same people that sunk my yacht and took

my yacht illegally and kept all of the money from the yacht that was worth 2, million See gods2.com  video 10.A So Good PEOPLE LATIN, BLACK AND WHITE MUST UNITE!

1.       PETITIONER, Alfred Davis, In Propria Persona, or anything about Alfred Davis the problem with this Case is that the manager of the building says he never seen that fake ID and that See the transcript of May 14$^{th}$pg(23) Exh.Y. We're witnesses that attorneys U.S. Attorney General Markenzy Lapointe, Assisstant U.S. Attorney Jonathan Bailyn, Brian Kirlew and Zeljka Bozanic co-conspirators in this case because Zeljka Bozanic emailed the proof that Jonathan Bailyn created a Fake document with Alfred Davis's mothers fake name on it to get Alfred Davis Convicted of the Fake ID case while doing what they accuse Alfred Davis of.

CONCLUSION

Based on the foregoing, Alfred Davis seeks the issuance of aMOTION TO DISMISS directed at this Court and the federal officers to mandate them take the actions that the law requires to take with regards to the matter at hand.

**Sworn Oath**

41

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this 18th day of June 2024.

Respectfully Filed,

Alfred L. Davis
pro se litigant
627 SouthRidge Rd.
Delray Beach, FL. 33444

# SWORN OATH AND AFFIDAVIT

MAURICE SYMONETTE heard and Saw Micahiel Nicholson get a call by Cell phone from FBI Agent Adam weinstein and he said this is Adam Weinstein from the FBI and i am Investigating the Jan 6th Insurrection incident and then FBI Agent Adam Weinstein asked to speak with me and he told me that he was investigating the Jan.6th insurrection incident then they asked me did Me and the Blacks for Trump Brother's go inside the U.S. Capitol and I said no, but I did do a Speech on stage outside the Capitol. Then they said there's nothing we can do all we wanted to know is if you went into the Capitol, you said no so there's nothing we can do about that Michael.

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167

# CERTIFICATION

I Attest to all facts being true and correct to the best of my knowledge in accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this 5th day of 2025.

**Exh. B**

# SWORN OATH AND AFFIDAVIT

I MICAHIEL NICHLOSON Was Called by Cell phone by FBI Agent Adam weinstein

and he said he was Adam weinstein from the FBI and I am Investigating the Jan 6"

Insurrection incident and then they ask to speak to Michael AKA Maurice

Symonette the FBI Agent Weinstein told him that he was investigating the Jan.6"

insurrection incident then they asked Maurice Symonette did he and the Brothers

go inside the U.S. Capitol and Maurice said no, but I did a Speech on stage outside

the Capitol. Then they said there's nothing we can do all we wanted to know is if

you went into the Capitol, you said no so there nothing can do about that Michael.

*Micahiel Nichloson*

MICAHIEL NICHLOSON
15020 S. RIVER DR.
MIAMI FL. 33167

# CERTIFICATION

I Attest to all facts being true and correct to the best of my knowledge in
accordance with 28 USC 1746 and Florida Statute Chapter 92.525. Executed this
5th day of 2025.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**EXH.D**

UNITED STATES OF AMERICA

Plaintiff

CASE NO: 24-CR-20456-JB

V.

ALFRED DAVIS
Defendants,

<u>MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND
MEMORANDUM OF LAW</u>

We demand as written that the Judges disqualify yourself from this Trial as stated in 28 U.S.C 454 which prohibits Judges from engaging in the Practice of law hereby on notice that you the Judge in this Case are hereby disqualified from this Case because you have a $150,000 Conflict of interest with U.S. Bank as written on the Financial disclosure Statements Which is a Violation of your Oath of Office 5 U.S.C. 3331 and Misprision of Felony 18 U.S.C. 4. For Conflict of Interest committed against the U.S. the penalty is Treason 18 U.S.C. SS2381. Florida Constitution article1 Section 20.Transcript  is supposed to be available the next day but it is still not on the docket to view Griffith v. Illinois. Alfred Davis fired his Lawyer, then his Lawyer came back in without his Permission to help coerce him to pleading Guilty even though he hired another Attorney. The case was unsealed on 01/24/24and on 02/24/24 the unsealed indictment was put on the Record.
 Pursuant to 28 U.S.C. SS 455 (b)(1)(3)(4)(iii)(c)(d)-(4)(d). No Justice Judge or magistrate d-(e) Fcrp rule 60 relief of Judgement of your Order and to vacate Order and must Federal rules of Civil Procedure rule 17 section 53of the first Judiciary act of 1979 common law of lawyer Article 3 U.S. Constitution sec.2 clause 1 it is mandatory by federal law that you Recuse yourself from this Case because you have a criminal Conflict of Interest any Federal agent that works for the government that takes money has a Conflict of interest in a Case In that law it says you are connected and an affiliated bank, Bank of America is US Bank See Exh.(B) You are in violation of Federal Code 18 U.S.C 912 you are in a Conspiracy with Jonathan Bailyn and Markenzy Lapointe and all these other judges who have Conflicts of interest.  Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Defendant Alfred Davis hereby files this  Motion  for  Relief

& Recusal and Supporting Memorandum regarding the Nov.7th,2024 Judge Jaqueline Becerra review of the record and Final Judgement Order, Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B)  Attached-U.S. BANK Special Situation Property Funds  Account Page 42, IFRS 2018 Tables 9-13, SEC Filings- U.S. BANK Florida Subsidiaries, Judge Jaqueline Becerra Financial Interests & Property Disclosures).


***Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct , Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !***


 Judge Jaqueline Becerra must Recuse herself for an open obvious Conflict of Interest because she's doing business with Bank of America and helping them to make money so that she can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but to make her and them money Illegally. Here's proof.



Becerra must Recuse herself because the Docket on the third line on Alfred Davis's Drivers License Case says that she was a Magistrate Judge on this Case that she sealed the Case# 24-cr-20051-JEM Exh.R. Comes now Alfred Davis acting Pro-Se here states Judge Jaqueline Becerra, says that Bank Of America on her form 6 Full and Public Disclosure Of Financial Interests is a Bank doing Business with US Bank because she's doing business with US BANK and helping them to make money so that she can make money by foreclosing and taking our property while acting as the Judge to take the property not on his Merits but for to make him and them money Illegally.  Here's proof that , Judge Jaqueline Becerra is doing business with Bank of America as seen in his FORM 6 page 4 lines 2  in the amount of $100,000 EXh.A Which is US Bancorp Exh. B pg.1 and pg.2 because both banks have Shares with Ally Financial according to Fintel's stock chart. She also has a Conflict of Interest with American Express which is U.S. Bank in the amount of $50,000 on line 10,. Which is a major Conflict of Interest. Who he has ruled in favor of, EXH. F. That is a Conflict of Interest against us and there's more. I have found that our case was directed to her in this Pool, So she must recuse herself and vacate his Order, Exhibit, G. So Judge Jaqueline Becerra you must Recuse YOUR SELF and VACATE YOUR ORDER against us, EXH. I. Maurice Symonette has a Doctorate Degree as a Minster Exh.S

**EXH.D**

FACTUAL BACKGROUND

1. On Nov.7th,2024, Defendant Judge Jacqueline Becerra issued a final Judgment order Exh. A against Defendant Alfred Davis for amounts due and owing on same mortgage that was dismissed with Prejudice in former case no: 07-12407CA01 where DEUTSCHE BANK could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, Exhibit. I. A judge cannot change another Judge's ORDER! And also on March 26th,2019, Judge Jacqueline Becerra issued a Judgment order acting  as a quasi-defense attorney for DEUTSCHE BANK his personal investment Partner to make money together. Plaintiff JAMES BUCKMAN has now subsequently provided the United States Department of Justice (DOJ) on specific newly discovered whistle blower information and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants DEUTSCHE BANK, Clerks and Court officers in this action. Exhibit, O.

MEMORANDUM  OF LAW

The Defendants maintains timely Constitutional due process civil rights for Florida Rule 2.160 (H) and Federal Rule 60 Relief to close this case with the original Dismissal with Prejudice in our Defendants favor with requirement of Jacqueline Becerra Recusal based on exposed financial conflicts of interests Fla. Stat.112.312 (8)(9).

*Rule 2.160 (H) and FRCP  Rule 60, relief from Judgment Or Order . and to vacate Order .*

*Their is to be no conflict of interest  with the Judge and the Plaintiff against DEFENDANTS. LIKE*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

*(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*

*3. Fraud whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an Opposing party*

**EXH.D**

A Judge is expected to Recuse herself according to Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and pursuant to 28 U.S. C. § 455 Under § 455(a), Recusal is mandatory in "any proceeding in which Judge's impartiality might reasonably be questioned." Under Fla. Code Jud. Conduct, Canon 3E(1) and § 455(b), a judge is expected to disqualify herself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality.

Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and *Section 455(b) he shall also disqualify himself in the following circumstances.*

*(4)   He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(d)(4)   "financial interest" means ownership of a legal or equitable interest, however small*

## CONCLUSION

This Motion for Relief by vacating order Judgment Florida Rule 2.160 (H)  and Recusal is based on new facts, related to a whistle blower's information, willful blindness, fraud, misconduct, and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Jaqueline Becerra was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case.

Judge Jaqueline Becerra has creditor loan history and business with U.S. BANK that caused preferential Quid Pro *Quo* treatment by her .sua sponte review and Final Judgment Order. Judge Jaqueline Becerra has significant exposed investor financial interests in the subject matter in controversy and with Defendants DEUTSCHE BANK that will be substantially negatively affected by the outcome of that proceedings when the Plaintiff "ultimately  prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

Example of Judges who already recused themselves from DEUTSCHE BANK

1. JUDGE DARRIN P. GAYLES Exhibit, P.

2. THOMAS WILLIAMS Exhibit, Q.                    **EXH.D**

### REQUIRED RELIEF

Pursuant to Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and Federal Rules of Civil Procedure Rule 60, Plaintiff requires Relief from the <u>Nov.7th, 2024</u> Final <u>judgment Order Exhibit.J.</u> based upon the stated facts, just terms, cited misconduct, Rule 60 grounds and newly discovered banking real estate fraud by court officers.

Said Reopening Relief would require the vacating of his order and Recusal of Judge Jaqueline Becerra from this and any future related ] **U.S.** ; BANK banking real estate cases in this District. The Dismissal Order Relief also requires that all parties be reinstated to their prior positions in this action (Dismissal with Prejudice) requiring Clerk issuance of Summons upon the Defendants and allow the filing of a Motion to dismiss the Final Judgment for cause, grounds and reasons stated herein filed

**EXH.D**

Alfred Davis

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 20th day of Aug.,2024 a true and
correct copy of the foregoing was provided via this Court's electronic
filing system to the attorneys of record.

EXH.D

| AO 10<br>Rev. 3/2023 | **FINANCIAL DISCLOSURE REPORT** Exh.A<br>**FOR CALENDAR YEAR 2023** | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 13101-13111)* |

| **1. Person Reporting** (last name, first, middle initial)<br><br>Becerra, Jacqueline | **2. Court or Organization**<br><br>United States District Court - Southern District of Florida | **3. Date of Report**<br><br>02/15/2024 |
|---|---|---|
| **4. Title** (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>United States Magistrate Judge (FT) | **5a. Report Type** (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>**5b.** ☐ Amended Report | **6. Reporting Period**<br><br>01/01/2023<br>**to**<br>12/31/2023 |
| **7. Chambers or Office Address**<br><br>James Lawrence King Federal Justice Building<br>99 N.E. Fourth Street<br>Miami, FL 33132 | | |

> ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1.  Adjunct Professor | St. Thomas University/Benjamin L. Crump College of Law |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

**FINANCIAL DISCLOSURE REPORT**
Page 2 of 6

| Name of Person Reporting | Date of Report |
|---|---|
| Becerra, Jacqueline | 02/15/2024 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2023 | St. Thomas University/Benjamin L. Crump College of Law (teaching stipend) | $6,666.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable reimbursements.)*

| SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**EXH.D**

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 6 | Becerra, Jacqueline | 02/15/2024 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

☐ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | credit card | K |
| 2. | American Express | credit card | K |
| 3. | | | |
| 4. | | | |
| 5. | | | |

EXH.D

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 6 | Becerra, Jacqueline | 02/15/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐   NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 1.   Individual Assets (H) | | | | | | | | |
| 2.   Bank of America (cash) | A | Interest | L | T | | | | |
| 3.   Account #1 (H) | | | | | | | | |
| 4.   Brighthouse 6 Year Shield 15 S&P 500 Index Level Annuity (fixed) | | None | N | T | | | | |
| 5.   Brighthouse 6 Year Shield 25 S&P 500 Index Level Annuity (fixed) | | None | N | T | | | | |
| 6.   Account #2 (H) | | | | | | | | |
| 7.   American Funds - The Income Fund of America 529A (CIMAX) | A | Dividend | J | T | | | | |
| 8.   American Funds - The Income Fund of America 529F2 (FAIFX) | C | Dividend | L | T | | | | |
| 9.   Account #3 (H) | | | | | | | | |
| 10.   American Funds - The Income Fund of America-A (AMECX) | B | Dividend | K | T | | | | |
| 11. | | | | | | | | |
| 12. | | | | | | | | |
| 13. | | | | | | | | |
| 14. | | | | | | | | |
| 15. | | | | | | | | |
| 16. | | | | | | | | |
| 17. | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**EXH.D**

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 5 of 6 | Becerra, Jacqueline | 02/15/2024 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part VII, Column B: Lines reflecting no income are so reported because none was attributed to those particular holdings during the reporting period, whether taxable, tax exempt, or tax deferred, or because the investments do not allocate income to individual holdings, but instead are credited only in unit value, per page 45 of the filing instructions.

**EXH.D**

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 6 | Becerra, Jacqueline | 02/15/2024 |

## IX. CERTIFICATION.

    I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

    I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 13141 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature:  **s/ Jacqueline Becerra**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 13106)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite G-330
One Columbus Circle, N.E.
Washington, D.C. 20544

(shown on Fintel chart)

**EXH.D**

| File Date | Source | Investor | Type | Avg Price (Est) | Shares | Δ Shares (%) | Reported Value ($1000) | Δ Value (%) | Port Allo (%) |
|---|---|---|---|---|---|---|---|---|---|
| 2025-02-14 | 13F | Freestone Grove Partners LP | 🔒 | 🔒 | 371,562 | | 16,330 | | 🔒 |
| 2025-02-14 | 13F | Vermillion & White Wealth Management Group, LLC | 🔒 | 🔒 | 507 | 0.60 | 22 | 10.00 | 🔒 |
| 2025-02-14 | 13F | Riverview Capital Advisers, LLC | 🔒 | 🔒 | 7,598 | 0.00 | 334 | 10.63 | 🔒 |
| 2025-02-14 | 13F | PineBridge Investments, L.P. | 🔒 | 🔒 | 3,291,138 | 32.08 | 144,646 | 46.30 | 🔒 |
| 2025-02-13 | 13F | Redwood Park Advisors LLC | 🔒 | 🔒 | 2,634 | | 116 | | 🔒 |
| 2025-02-13 | 13F | Guggenheim Capital Llc | 🔒 | 🔒 | 218,423 | -53.24 | 9,600 | -48.21 | 🔒 |
| 2025-02-13 | 13F | Greenwood Gearhart Inc | 🔒 | 🔒 | 11,031 | | 485 | | 🔒 |
| 2025-02-13 | 13F | Blue Investment Partners LLC | 🔒 | 🔒 | 200,479 | 0.00 | 8,811 | 10.76 | 🔒 |
| 2025-02-13 | 13F | Ontario Teachers Pension Plan Board | 🔒 | 🔒 | 8,632,780 | 71,357.50 | 379,411 | 79,108.77 | 🔒 |
| 2025-02-13 | 13F | Cerity Partners LLC | 🔒 | 🔒 | 2,766,900 | -5.73 | 119,053 | 2.22 | 🔒 |
| 2025-02-13 | 13F | Martingale Asset Management L P | 🔒 | 🔒 | 219,676 | 47.03 | 9,655 | 62.85 | 🔒 |
| 2025-02-13 | 13F | Gratus Wealth Advisors, LLC. | 🔒 | 🔒 | 42,587 | -25.26 | 1,872 | -17.83 | 🔒 |
| 2025-02-13 | 13F | Sierra Summit Advisors Llc | 🔒 | 🔒 | 28,411 | 16.12 | 1,249 | 28.66 | 🔒 |
| 2025-02-13 | 13F | Azimuth Capital Investment Management LLC | 🔒 | 🔒 | 156,927 | -5.57 | 6,897 | 4.58 | 🔒 |
| 2025-02-13 | 13F | Clifton Capital Management, Llc | 🔒 | 🔒 | 11,028 | -4.55 | 485 | 5.68 | 🔒 |
| 2025-02-13 | 13F | Rosenblum Silverman Sutton S F Inc /ca | 🔒 | 🔒 | 51,743 | -1.43 | 2,274 | 9.22 | 🔒 |
| 2025-02-13 | 13F | SageView Advisory Group, LLC | 🔒 | 🔒 | 69,983 | 48.91 | 3,076 | 64.97 | 🔒 |
| 2025-02-13 | 13F | Rathbone Brothers plc | 🔒 | 🔒 | 1,247,344 | -7.52 | 54,821 | 2.43 | 🔒 |
| 2025-02-13 | 13F | Lsv Asset Management | 🔒 | 🔒 | 3,636,836 | -0.19 | 160 | 10.42 | 🔒 |
| 2025-02-13 | 13F | Stifel Financial Corp | 🔒 | 🔒 | 4,400,593 | -1.13 | 193,407 | 9.51 | 🔒 |
| 2025-02-13 | 13F | Capital Research Global Investors | 🔒 | 🔒 | 7,590,335 | 1,600.23 | 333,595 | 1,783.23 | 🔒 |
| 2025-02-13 | 13F | Eartield, Bush & Co. | 🔒 | 🔒 | 6,885 | -1.43 | 303 | 9.03 | 🔒 |
| 2025-02-13 | 13F | Arvest Bank Trust Division | 🔒 | 🔒 | 457,426 | -2.25 | 20,104 | 8.27 | 🔒 |
| 2025-02-13 | 13F | RMB Capital Management, LLC | 🔒 | 🔒 | 30,923 | -9.61 | 1,359 | 0.15 | 🔒 |
| 2025-02-13 | 13F | Norinchukin Bank, The | 🔒 | 🔒 | 300,762 | 8.19 | 13,218 | 19.84 | 🔒 |
| 2025-02-13 | 13F | Mach-1 Financial Group, Inc. | 🔒 | 🔒 | 6,331 | -16.49 | 278 | -7.33 | 🔒 |
| 2025-02-13 | 13F | MSH Capital Advisors LLC | 🔒 | 🔒 | 14,368 | -2.27 | 631 | 8.23 | 🔒 |
| 2025-02-13 | 13F | Capital International Inc /ca | 🔒 | 🔒 | 589,574 | 31.69 | 25,912 | 45.86 | 🔒 |
| 2025-02-13 | 13F | O'ROURKE & COMPANY, Inc | 🔒 | 🔒 | 11,728 | -5.43 | 515 | 4.67 | 🔒 |
| 2025-02-13 | 13F | Gamco Investors, Inc. Et Al | 🔒 | 🔒 | 600,072 | -4.13 | 26,373 | 6.19 | 🔒 |
| 2025-02-13 | 13F | Panagora Asset Management Inc | 🔒 | 🔒 | 4,446,193 | 20.27 | 195,410 | 33.22 | 🔒 |
| 2025-02-13 | 13F | Perennial Investment Advisors, LLC | 🔒 | 🔒 | 23,887 | 2.59 | 1,050 | 13.65 | 🔒 |
| 2025-02-13 | 13F | Taurus Asset Management, Llc | 🔒 | 🔒 | 519,334 | -0.67 | 22,825 | 10.01 | 🔒 |
| 2025-02-13 | 13F | Ally Financial Inc. | 🔒 | 🔒 | 46,000 | | 2,022 | | 🔒 |

*(Shown in (intel (chart))*

**EXH.D**

| File Date | Source | Investor | Type | Avg Price (Est) | Shares | Δ Shares (%) | Reported Value ($1000) | Δ Value (%) | Port Alloc (%) |
|---|---|---|---|---|---|---|---|---|---|
| 2025-02-14 13F | | Burling Wealth Partners, Llc | | 🔒 | 4,433 | | 212 | | 🔒 |
| 2025-02-14 13F | | Itau Unibanco Holding S.A. | | 🔒 | 2,500 | | 121 | . | 🔒 |
| 2025-02-14 13F | | Gen Wealth Partners Inc | | 🔒 | 2,050 | -12.51 | 98 | -14.04 | 🔒 |
| 2025-02-14 13F | | Profund Advisors Llc | | 🔒 | 28,788 | -4.41 | 1,377 | -0.07 | 🔒 |
| 2025-02-14 13F | | Colonial Trust Co. SC | | 🔒 | 3,042 | 49.85 | 145 | 57.61 | 🔒 |
| 2025-02-14 13F | | Hillman Capital Management, Inc. | | 🔒 | 118,317 | -27.31 | 5,659 | -23.97 | 🔒 |
| 2025-02-14 13F | | LP Wealth Advisors, Inc. | | 🔒 | 100,020 | 0.90 | 4,784 | 5.52 | 🔒 |
| 2025-02-14 13F | | Millennium Management Llc | Call | 🔒 | 184,200 | -41.52 | 8,810 | -38.84 | 🔒 |
| 2025-02-14 13F | | Millennium Management Llc | | 🔒 | 1,157,770 | -33.48 | 55,376 | 30.42 | 🔒 |
| 2025-02-14 13F | | First Long Island Investors, LLC | | 🔒 | 339,451 | 0.18 | 16,236 | 4.78 | 🔒 |
| 2025-02-14 13F | | Millennium Management Llc | Put | 🔒 | 222,300 | 30.76 | 10,633 | 36.76 | 🔒 |
| 2025-02-14 13F | | New England Asset Management Inc | | 🔒 | 165,015 | -12.41 | 7,893 | -8.39 | 🔒 |
| 2025-02-14 13F | | Janus Henderson Group Plc | | 🔒 | 828,111 | -2.08 | 39,626 | 2.47 | 🔒 |
| 2025-02-14 13F | | Ancora Advisors, LLC | | 🔒 | 41,774 | -29.40 | 1,998 | 26.14 | 🔒 |
| 2025-02-14 13F | | Capstone Investment Advisors, Llc | Call | 🔒 | 61,700 | 13.42 | 2,951 | 18.66 | 🔒 |
| 2025-02-14 13F | | Voya Financial Advisors, Inc. | | 🔒 | 6,985 | -16.50 | 337 | -11.32 | 🔒 |
| 2025-02-14 13F | | Davis Asset Management, L.P. | | 🔒 | 600,000 | -25.00 | 28,698 | -21.56 | 🔒 |
| 2025-02-14 13F | | Visionary Wealth Advisors | | 🔒 | 16,637 | -14.70 | 796 | -10.77 | 🔒 |
| 2025-02-14 13F | | Accredited Wealth Management, LLC | | 🔒 | 1,445 | | 70 | | 🔒 |
| 2025-02-13 13F | | Capula Management Ltd | | 🔒 | 0 | -100.00 | 0 | -100.00 | 🔒 |
| 2025-02-13 13F | | BOS Asset Management, LLC | | 🔒 | 90,543 | -0.59 | 4,331 | 3.96 | 🔒 |
| 2025-02-13 13F | | Edgar Lomax Co va | | 🔒 | 235,136 | -1.89 | 11,247 | 2.62 | 🔒 |
| 2025-02-13 13F | | BL Asset Management Fondsmaeglerselskab A/S | | 🔒 | 77,424 | 50.50 | 4 | 50.00 | 🔒 |
| 2025-02-13 13F | | Icon Advisers Inc co | | 🔒 | 300 | | 14 | | 🔒 |
| 2025-02-13 13F | | Anchor Investment Management, LLC | | 🔒 | 3,200 | 0.00 | 153 | 4.79 | 🔒 |
| 2025-02-13 13F | | Barclays Plc | | 🔒 | 4,877,408 | -32.33 | 233 | -29.18 | 🔒 |
| 2025-02-13 13F | | Fairfield, Bush & Co. | | 🔒 | 7,916 | -4.81 | 379 | 0.53 | 🔒 |
| 2025-02-13 13F | | Bank Of Hawaii | | 🔒 | 22,931 | -0.05 | 1,097 | 4.48 | 🔒 |
| 2025-02-13 13F | | Ally Financial Inc. | | 🔒 | 81,000 | 0.00 | 3,874 | 4.59 | 🔒 |
| 2025-02-13 13F | | Marshall Wace, Llp | | 🔒 | 5,789,565 | 414.15 | 276,915 | 437.76 | 🔒 |

**EXH.D**



american Express and U.S. Bank have s   ✕   🎤   📷   🔍        ⚙️   ⋮⋮⋮

All   News   Images   Short videos   Videos   Forums   Shopping   ⋮ More        Tools

◆ AI Overview        Learn more   ⋮

Yes, American Express and U.S. Bank both hold stocks and bonds as part of their investment portfolios. U.S. Bancorp (the parent company of U.S. Bank) has a market cap of $58.91B, while American Express (AXP) is a separate company, as well as American Express Bank and American Express Centurion Bank, which are subsidiaries.   🔗

USB Stock Price | U.S. Bancorp Stock Quote (U.S.: NYSE ...

Show more   ⌄



American Express
https://www.americanexpress.com › en-us › credit-intel

## Comparing 4 Different Types of Mutual Funds

Jul 5, 2024 — Mutual funds allow investors to pool their money **together** to buy a collection of **stocks**, **bonds**, or other financial securities. Investment ...

At-A-Glance   What Are Mutual Funds?   Bond Funds Are Fixed Income...

## People also ask   ⋮

What banks are owned by American Express?   ⌄

Does Amex have bonds?   ⌄

Is American Express a good high yield savings account?   ⌄

Is American Express a US bank?

**EXH.D**

 Reddit · r/personalfinance
40+ comments · 2 years ago

## Anyone use American Express High Yield Savings Account?

Their HYSA is great especially if you already **own** their credit cards. It's simple to move money to and from the account and **has** a great rate ...

46 answers · Top answer: I mean, there isn't much to a HYSA where you could have issues. They really j...

 Charles Schwab
https://www.schwab.com › credit-cards

## Charles Schwab Cards from American Express

These Cards are issued by American Express National Bank. Schwab and American Express National Bank, have partnered together to create the Schwab Investor Card ...

 U.S. Bank
https://www.usbank.com › credit-cards › cash-365-amex ...

## U.S. Bank | Cash 365 American Express Card Benefits

With your Cash 365™ **American Express**® Card, you **get** access to presale tickets for concerts, theater, sports and more all year round. Service Benefits. 24/7 ...

Car Rental Loss And Damage...        Amex Offers        Return Protection

Missing: bonds | Show results with: bonds

 FINVIZ.com
https://finviz.com › news › is-american-express-company...

## Is American Express Company (AXP) the Cheap Blue Chip ...

2 hours ago — In this article, we are going to take a look at where **American Express** Company (NYSE:AXP) stands against other cheap blue chip **stocks** to buy ...

 The Motley Fool
https://www.fool.com › how-to-invest › stocks › how-t...

## How to Invest in American Express

Sep 29, 2024 — **American Express** is a blue chip **stock**, and **bank stocks** are safe, although this isn't considered a traditional **bank stock**. With that comes ...

SEC.gov
https://www.sec.gov › Archives › edgar › data

## American Express Company

**EXH. D**

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 6 | Becerra, Jacqueline | 02/15/2024 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

☐ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Bank of America | credit card | K |
| 2. | American Express | credit card | K |
| 3. | | | |
| 4. | | | |
| 5. | | | |

Exh. F pg.1

1           UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA
2                  MIAMI DIVISION
            CASE NO. 24-cr-20051-JEM
3

4   UNITED STATES OF AMERICA,        Miami, Florida

5                  Plaintiff,        May 15, 2024

6       vs.                          10:43 a.m. - 2:17 p.m.

7   ALFRED LENORIS DAVIS,            Volume 2

8              Defendant.            Pages 1 to 66

9

10              TRANSCRIPT OF JURY TRIAL
        BEFORE THE HONORABLE JOSE E. MARTINEZ
11           UNITED STATES DISTRICT JUDGE

12  APPEARANCES:

13  FOR THE GOVERNMENT:      JONATHAN BAILYN, ESQ.
                             UNITED STATES ATTORNEY'S OFFICE
14                           99 NE 4th Street
                             Miami, Florida 33132
15
                             KATIE L. SADLO, ESQ.
16                           UNITED STATES ATTORNEY'S OFFICE
                             500 South Australian Avenue
17                           Suite 400
                             West Palm Beach, Florida  33401
18
    FOR THE DEFENDANT:       ZELJKA BOZANIC, ESQ.
19                           BOZANIC LAW, P.A.
                             17100 Royal Palm Blvd.
20                           Suite 1
                             Weston, Florida 33326
21
                             HUMBERTO DOMINGUEZ, ESQ.
22                           LAW OFFICE OF HUMBERTO R. DOMINGUEZ
                             150 West Flagler Street
23                           Suite 2900
                             Miami, Florida 33130

24

25

    STENOGRAPHICALLY REPORTED COMPUTER-AIDED TRANSCRIPT

Exh. F pg.2

1          THE COURT:  I'm not sure.  I think there's

2     enough issue in this case that I think I'll let him out

3     until, at the very least, until sentencing.

4          So I will permit you to remain on bond under

5     the same terms and conditions that you have been up to

6     this time.  But, Mr. Davis, don't let me down because I'm

7     trusting you.  We will talk again.

8          Do we have a date for sentencing?

9          COURTROOM DEPUTY:  Yes, Judge.  The sentencing

10    date is Thursday, July 11th at 11:00 a.m.

11         THE COURT:  All right.  At this point, I'll

12    refer you to the U.S. Probation Office for the

13    preparation of a sentencing memorandum.  And cooperate

14    with them.  They'll tell you where to be.  Failure to

15    show up is a separate crime and a very serious one,

16    sometimes more serious than the underlying crime.  So you

17    must show up at the various times that you're told to.

18         Talk to the probation office people.  Help them

19    prepare your presentence investigation.  And we'll see

20    you back here on Thursday, July 11th --

21         At what time?

22         COURTROOM DEPUTY:  11:00 a.m.

23         THE COURT:  -- 11:00 a.m. here in this courtroom,

24    all right?

25         We will in recess on this matter.  I'll get you

**STENOGRAPHICALLY REPORTED COMPUTER-AIDED TRANSCRIPT**



## APPLICATION TO LEASE
(Unit Owner and Lessee signatures are required)

Cynthia Louis                          ph6          12/28/2022

Christine L Tran

+19549992078   N/A                  rbaglobal1@gmail.com
                                     N/A

Owner's Listing Agent Information:

                                     Brianna Reid

178621408445                 brianna.reidrealty@gmail.com

Christine L Tran

# EXH.E PG.1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

MACK WELLS AND MAURICE SYMONETTE

Plaintiffs,

CASE: 23-CV-22640-JEM

V.

U.S. BANK, NATIONAL ASSOCIATION,Et al .,

Defendants.

_____/

## AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS ANDMEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal andSupporting Memorandum regarding the August, 23, 2023 Jose E. Martinez review of the record and Final Judgement Order, ExhibitJ. based on the following facts, new information, just torns, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B) Attached- U.S. BANK Special Situation Property Funds Account Page 42, IFRS 2018 Tables 9-13, SEC Filings- *2.160 (D) (1) grounds to disqualify is party fears Judge is Biased FL Statue 112.312 (8) Judgecan't have a conflict of Interest !* Jose E. Martinez must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for them to make him and them money Illegally. Here's proof: **In his Form 6, from Tallahassee called FINANCIAL DISCLOSURE REPORT, for 2021 Says on page 4 lines 3 and 4, that he made $250,000 with Iberia Bank, Exh. D. Which is First Horizon Bank, First Horizon Bank is Suntrust Bank whichis US. Bancorp/ US. Bank, Exh. E. Judge Jose E. Martinez is Doing Business U.S. BANK, US BANCORP, WACHOVIA, WELLS FARGO. WHICH IS ALL U.S. BANK.** Who has ruled in favor of US BANK. This is a Horrible Conflict of Interest against us and there's more according to FL Rule 2.160 (H) and (J) all of your Orders must be Reverted back to the Original Judges Orders, once a Judge Recuses themselves, Judge Gayles recused himself Exh.F & Marcia Cooke's Order's must be Reverted back to the Original Judges Orders because ofConflicts Of Interest. None of these Judges or Attorney's can do anything with the StateCourt because they're all doing business with U.S. Bancorp who's the Parent Company of U.S. Bank Exh.G which is owned by china (CIC). The Rucker Feldman Law cannot be used because our case was never Finished. All the State Court Judges from Zabel down to Carlos Lopez did Orders based on giving us a chance to prove that the Attorney's werewasting all of the time Exh H. not us but we were never given that opportunity and JudgeLopez refused to allow Mack Wells who at the time was sick to get a Lawyer to defend himself. The Attorney's for U.S. Bank were Ordered to bring in evidence that they ownedthe Note but never did. I have found that our case was

**EXH.E PG.2**

directed to other Judges in this very Pool all with the same Conflict of interest like Judge Valerie manno Schurr a Judge we had never met Jumping into our case after Judge Zabel Dismissed US Banks Lawsuit against me with Prejudice because they never had or owned the Note and then one year later Judge Valerie Manno Schurr got $995,000 from US Bank according to her Form 6 Financial Disclosure Affidavit, Exh.I. And then suddenly inserted herself into our case without ever meeting us and dismissed the case with Prejudice like Judge Zabel did, Exh.J. So as to avoid the Law which says another Judge cannot change another Judges order in the same Circuit Court so she made the same Order so she could change her own Order to dismiss without Prejudice and got another $1 million dollar plus $400,000 dollar money asset from GMAC which is U.S. Bank and then she changed her own Order to Dismissed without Prejudice Exh.K. And then received a $2.4 million money asset from Wells Fargo Wachovia plus a $400,000 dollar money Asset from GMAC which is U.S. Bank Exh.L. According to her form 6 Financial Affidavit to circumvent Judge Zabel's Dismissal with Prejudice! Exh.M. And then these wicked Lawyers Foreclose without notice to us and we went threw a 10 year fight see the Docket for the 2010 case which had no notice no assignments, no Note and no Mortgage Correctly to U.S. Bank from Axiom Bank see Exh.N. then Maurice Symonette did a Quite Title Suit and after 10 years Judge Valerie Manno Schurr shows up again and I showed her the Evil which she had done by taking money ($995,000) From GMAC U.S. Bank to steal our property even though we were making the payments. This is Home Title Fraud in its utmost and when she saw she was caught from her own Form 6 Affidavit and evil Judgments she Recused himself especially after we paid for News ads and Radio TV Commercials Exh.T Telling on her and knowing that we have turned her over to the FBI as Jose E. Martinez must do because he has the same conflict of Interest So she must recuse herself and vacate his Order. Exh. O. So Jose E. Martinez you must Recuse YOUR SELF and not ORDER against us. Exh. E.

## FACTS

. On Dec. 19, 2017, Defendant Judge Valerie Schurr issued a final Judgment order Exhibit A against Plaintiff Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60. Plaintiff MACK WILLIS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the August, 23, 2023 Jose E. Martinez review of the record and Final Judgement Order, Exhibit.J, based on the following facts. new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits 2 B) Attached- U.S. BANK Special Situation Property Funds Account Page 42, IRS 2018 Tables 9-13, SEC Filings U.S. BANK Florida Subsidiaries. Judge Alan Fine Financial Interests & Property Disclosures! *Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct , Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !* Judge Jose E. Martinez must recuse himself for an open obvious Conflict of Interest because she's doing business with US bank and helping them to make money so that she can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make him and them money illegally, here's proof.

**FINANCIAL DISCLOSURE REPORT**

Page 4 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| MARTINEZ, JOSE | 05/09/2022 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (Includes those of spouse and

**EXH.E PG.3**

20, Ch. 3, § 310 Reporting Thresholds for Assets, § 312 Types of Reportable Property; § 314 Interests in Property; § 320 Income, § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (1) Amount Code 1 (A-H) | (2) Type (e.g. div, rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| | CAPITAL ONE | A | Interest | M | T | | | | |
| 2 | AMERICAN EXPRESS NATIONAL BANK | A | Interest | K | T | | | | |
| 3 | IBERIA BANK - CHECKING (X) | A | Interest | L | T | | | | |
| 4 | IBERIA BANK - CHECKING(X) | A | Interest | M | T | | | | |
| 5 | FIRST CITIZENS(X) | A | Interest | M | T | | | | |
| 6 | AMERICAN ELECTRIC | A | Dividend | J | T | | | | |
| 7 | DOMINION ENERGY (FORMERLY DOMINION DIRECT) | C | Dividend | M | T | | | | |
| 8 | SOUTHERN COMPANY | B | Dividend | L | T | | | | |
| 9 | ENTERGY INC | A | Dividend | K | T | | | | |
| 10 | MCDONALDS CORPORATION | A | Dividend | K | T | | | | |
| 11 | SCHWAB MONEY FUND (FORMERLY USAA) | A | Dividend | J | T | | | | |
| 12 | USAA HIGH INCOME INSTITUTIONAL | A | Dividend | | | Sold | 08/26/21 | J | A |
| 13 | | | | | | Sold (part) | 03/15/21 | J | A |
| 14 | USAA INCOME INSTITUTIONAL | C | Dividend | M | T | Buy (add'l) | 12/20/21 | J | |
| 15 | USAA INTERMEDIATE TERM B | B | Dividend | K | T | Sold (part) | 08/26/21 | K | A |
| 16 | | | | | | Buy (add'l) | 12/20/21 | J | |
| 17 | USAA SHORT TERM BOND INS | A | Dividend | K | T | Buy (add'l) | 12/20/21 | J | |

## IBERIA BANK IS FIRST HORIZON

∨

**First Horizon Bank, which acquired IberiaBank, agrees with TD Bank...**

May 4, 2023 - First Horizon Bank, which acquired IberiaBank in 2020, announced Thursday it mutually agreed with TD Bank Group to call off their $13.4 billion merger. TD Bank informed First...

## SUNTRUST IS FIRST HORIZON

∨

▶ https://www.bizjournals.com › charlotte › news › 2020 ›...

# Dozens of former SunTrust branches become part of First Horizon Bank ...

Memphis, Tennessee-based First Horizon National Corp. (NYSE: FHN) said the transaction would add $440 million in loans and $2.3 billion in deposits. It converted the branches this past weekend....

## SUNTRUST IS US BANCORP

∨

🌐 https://www.reuters.com › article › usbancorp-branch-idUSBNG54197 2009 1014

**U.S. Bancorp to buy BB&T's select Nevada branches | Reuters**

Oct 14 (Reuters) - U.S. Bancorp USB.N said it signed a deal with BB&T Corp BB.N to buy about $800 million in deposits of certain branch locations of BB&T's Nevada banking operations for an...

## US BANCORP IS USBANK

∨

WIKIPEDIA

# U.S. Bancorp

Text

U.S. Bancorp (stylized as us bancorp) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware. It is the parent company of U.S. Bank National Association and is the fifth-largest...



U.S. Bancorp

**USbancorp**

**EXH.E PG.5**

### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-22213-GAYLES

CARL FENTKSON

Plaintiff

v.

RALPH W. CONFREDA, JR., et al.

Defendants

_____

#### ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled action is assigned hereby recuses himself and returns the case to the Clerk of the Court for reassignment.

DONE AND ORDERED in Chambers at Miami, Florida this 24th day of June, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**EXH.E PG.6**

# U.S. Bancorp

文A 21 languages

Article Talk

Read Edit View history Tools ⌄

From Wikipedia, the free encyclopedia

*US Bank redirects here. For other uses, see Bank of the United States.*

U.S. Bancorp (styled as us bancorp) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware. It is the parent company of U.S. Bank National Association, and is the 5th largest banking institution in the United States. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States. It is ranked 117th on the Fortune 500, and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.

## History [edit]

The U.S. Bank name first appeared as United States National Bank of Portland, established in Portland, Oregon, in 1891. In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name. It changed its name to the United States National Bank of Oregon in 1964.

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis. In 1929, that bank merged with First National Bank of St. Paul (also formed in 1864) and several smaller Upper Midwest banks to form the First Bank Stock Corporation, which changed its name to First Bank System in 1968.

In the eastern part of the franchise, Farmers and Millers Bank in Milwaukee opened its doors in 1853, growing into the First National Bank of Milwaukee and eventually becoming First Wisconsin and ultimately Firstar Corporation. In Cincinnati, First National Bank of Cincinnati opened for business on July 13, 1863 under National Charter #24—the charter that U.S. Bancorp still operates under today, and one of the oldest active national bank charters in the nation. U.S. Bancorp claims 1863 as its founding date. Despite having started up in the midst of the Civil War, First National Bank of Cincinnati went on to survive many decades to grow with their bank.



**U.S. Bancorp**

U**S**bancorp

Corporate headquarters, U.S. Bancorp Center in Minneapolis

| Trade name | U.S. Bank |
| Type | Public company |
| Traded as | NYSE: USB |
| | S&P 100 component |

MACK WELLS AND MAURICE SYMONETTE

Plaintiffs,
CASE: 23-CV-22640-JEM
V.

**Exhibit G PG. 1**

U.S. BANK, NATIONAL ASSOCIATION, Et al.,

Defendants.

_____

## MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60. Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the June, 17 2023 Eduardo L Sanchez review of the record and Final Judgement Order. Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B) Attached: U.S. BANK Special Situation Property Funds Account Page 42, IFRS 2018 Tables 9-13, SEC Filings- U.S. BANK Florida Subsidiaries, Judge Carlos Lopez Financial Interests & Property Disclosures..

_Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd FL Rule 2.160 (D) (1) FL Code Jud. Conduct , Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased FL Statue 112.312 (8) Judge can't have a conflict of Interest !_

Judge Eduardo Sanchez must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by

**Exhibit G PG.2**

foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make his and them money illegally. Here's proof: **In his Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, form 6 for 2021 it Says on line 14 that he got $250,000.00 with Wells Fargo, Exh. D. Which is First Horizon Bank Exh.E and First Horizon Bank is Suntrust Bank Exh. F, which is BB&T bank Exh. G. BB&T Bank is US. Bank Exh. H** Who has ruled in favor of US BANK. This is a Horrible Conflict of Interest against us and there's more. I have found that our case was directed to other Judges in this sess Proof all with the same Conflict of interest like Judge Valerie manno Schurr a Judge we had never met jumping into our case after Judge Zabel dismissed U.S Banks lawsuit against me with Prejudice because they never had or owned the Note and then one year later Judge Valerie Manno Schurr got $995,000 from U.S. Bank according to her Form 6 Financial Disclosure Affidavit, Exh. J. And then suddenly inserted herself into our case without ever meeting us and dismissed the case with Prejudice like Judge Zabel did, Exh. K. So as to avoid the law which says another Judge cannot change another Judges order in the same Circuit Court so she made the same Order so she could change her own Order to dismiss without Prejudice and got another $,1 million dollar plus $400,000 dollar money asset from GMAC which is U.S. Bank and then she changed her own Order to Dismissed without Prejudice Exh. N. And then received a $2.4 million money asset from Wells Fargo/Wachovia plus a $400,000 dollar money Asset from GMAC which is U.S. Bank Exh. L. The same Conflict of Interest that Judge Lopez has, which is why she Recused herself Exh. R. as did Vivianne Del Rio Exh.S and they along with Judge Schlesinger violated Fl Rule 2.160 (H)-(J) and did not answer their Motion to Recuse Exh.U, V & W within 20 days which means that our Motion to Recuse is automatically granted and all of their Orders have been removed & reverted back the Original Judge Zabel's Order of Dismissal with Prejudice. According to her form 6 Financial Affidavit to circumvent Judge Zabel's Dismissal with Prejudice! Exh. M. I and two other Witnesses saw Judge Zabel sign the Dismissal with Prejudice Exh. X,Y and Z and the 2007-12407-CA01 Case was dismissed Exh.Z1 and Z2 in 2009 the Clerk of Courts removed the Judges dismissal with Prejudice off the Docket because the Clerk of Courts have the same $ Conflicts of Interest as Judge Valerie Manno Schurr according to his Form 6 Full and Public Disclosure of Financial interest he has a money Conflict of interest with Wells Fargo which is US Bank Exh. 23 in the amount of $315,000 which is why the Clerk of Courts removed the evidence off the Docket. And then these wicked Lawyers Foreclose without notice to us and we went threw a 10 year fight see the Docket for the 2010 case which had no notice no assignments, no Note and no Mortgage Correctly to U.S Bank from Axiom Bank see Exh. O. then Maurice Symonette did a Quite Title Suit and after 10 years Judge Valerie Manno Schurr shows up again and I showed her the Evil which she had done by taking money ($995,000) From GMAC/U.S. Bank to steal our property even though we were making the payments. This is Home Title Fraud in its utmost and when she saw she was caught from her own Form 6 Affidavit and evil Judgments she Recused herself especially after we paid for News paper, ads and Radio TV Commercials Exh. " Telling on her and knowing that we have turned her over to the FBI as Carlos Lopez must do because he has

# FINANCIAL DISCLOSURE REPORT
Page 6 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I.   **EXHIBIT G PG.3** | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 35.  XCEL ENERGY INC. | A | Dividend | J | T | | | | |
| 36.  BANK OF AMERICA CORP. | A | Dividend | J | T | | | | |
| 37.  DUKE ENERGY CORP. NEW (DUK) | A | Dividend | J | T | | | | |
| 38.  Johnson & Johnson | A | Dividend | J | T | | | | |
| 39.  SPDR S&P 500 ETF Trust (SPY) | A | Dividend | J | T | | | | |
| 40.  COHERENT INC. | | None | | | Redeemed | 07/05/22 | J | |
| 41.  COHERENT CORP. | | None | J | T | | | | |
| 42.  MICROSOFT CORP. | A | Dividend | K | T | | | | |
| 43.  PLUG POWER INC. | | None | J | T | Buy<br>(add'l) | 08/10/22 | J | |
| 44. | | | | | Sold<br>(part) | 12/19/22 | J | |
| 45.  Coinbase Global, Inc. CL A (COIN) | | None | J | T | Sold<br>(part) | 12/19/22 | J-P | |
| 46.  Amazon.com, Inc. (AMZN) | | None | J | T | | | | |
| 47.  Dow, Inc. (DOW) | A | Dividend | J | T | | | | |
| 48.  BHP Group Limited ADR (BHP) | A | Dividend | J | T | Buy | 08/26/22 | J | |
| 49.  MASS MUTUAL FINANCIAL GROUP,<br>whole life insurance policies | B | Dividend | L | T | | | | |
| 50.  Wells Fargo Bank Cash Accounts | A | Interest | M | T | | | | |
| 51.  Dade County Federal Credit Union Cash<br>Accounts | A | Int./Div. | N | T | | | | |

| 1 Income Gain Codes:<br>(See Columns B1 and D4) | A =$1,000 or less<br>F =$50,001 - $100,000 | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000 | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000<br>H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2 Value Codes<br>(See Columns C1 and D3) | J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000<br>O =$500,001 - $1,000,000 | L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000 | M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000 | |
| 3 Value Method Codes<br>(See Column C2) | Q =Appraisal<br>U =Book Value | R =Cost (Real Estate Only)<br>V =Other | S =Assessment<br>W =Estimated | T =Cash Market | |



# U.S. Bancorp

**Exhibit G PG. 4**

**U.S. Bancorp**





**U.S. Bancorp** (stylized as **us bancorp**) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware.[4] It is the parent company of **U.S. Bank** National Association, and is the fifth largest banking institution in the United States.[5] The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. As of 2019, it had 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States.[2] In 2023 it ranked 149th on the Fortune 500,[6] and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.[7]

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.[8]

Corporate headquarters, U.S. Bancorp Center, in Minneapolis

## History

The U.S. Bank name first appeared as **United States National Bank of Portland**, established in Portland, Oregon, in 1891.[9] In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name.[9] It changed its name to the United States National Bank of Oregon in 1964.[9]

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis.[4] In 1929,

| Trade name | U.S. Bank |
|---|---|
| Company type | Public |
| Traded as | NYSE: USB (https://www.nyse.com/quote/X NYS:USB) |
| | S&P 100 component |
| | S&P 500 component |

**Exh.H pg.1**

By the authority vested in me as President by the Constitution and the laws of the United States of America, and section 301 of title 3, United States Code, it is hereby ordered as follows:

Section 1.  Purpose.  The American people have witnessed the previous administration engage in a systematic campaign against its perceived political opponents, weaponizing the legal force of numerous Federal law enforcement agencies and the Intelligence Community against those perceived political opponents in the form of investigations, prosecutions, civil enforcement actions, and other related actions.  These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives.  Many of these activities appear to be inconsistent with the Constitution and/or the laws of the United States, including those activities directed at parents protesting at school board meetings, Americans who spoke out against the previous administration's actions, and other Americans who were simply exercising constitutionally protected rights.

The prior administration and allies throughout the country engaged in an unprecedented, third-world weaponization of prosecutorial power to upend the democratic process.  It targeted individuals who voiced opposition to the prior administration's policies with numerous Federal investigations and politically motivated funding revocations, which cost Americans access to needed services.  The Department of Justice even jailed an individual for posting a political meme.  And while the

**Exh.H pg.2**

Department of Justice has ruthlessly prosecuted more than 1,500 individuals associated with January 6, and simultaneously dropped nearly all cases against BLM rioters. Therefore, this order sets forth a process to ensure accountability for the previous administration's weaponization of the Federal Government against the American people.

Sec. 2.  Policy.  It is the policy of the United States to identify and take appropriate action to correct past misconduct by the Federal Government related to the weaponization of law enforcement and the weaponization of the Intelligence Community.

Sec. 3.  Ending the Weaponization of the Federal Government.  (a)  The Attorney General, in consultation with the heads of all departments and agencies of the United States, shall take appropriate action to review the activities of all departments and agencies exercising civil or criminal enforcement authority of the United States, including, but not limited to, the Department of Justice, the Securities and Exchange Commission, and the Federal Trade Commission, over the last 4 years and identify any instances where a department's or agency's conduct appears to have been contrary to the purposes and policies of this order, and prepare a report to be submitted to the President, through the Deputy Chief of Staff for Policy and the Counsel to the President, with recommendations for appropriate remedial actions to be taken to fulfill the purposes and policies of this order.

(b)  The Director of National Intelligence, in consultation with the heads of the appropriate departments and agencies within the Intelligence Community, shall take all appropriate action to review the activities of the Intelligence Community over the last 4 years and identify any instances where the Intelligence Community's conduct appears to have been contrary to the purposes and policies of this order, and prepare a report to be submitted to the President, through the Deputy Chief of Staff for Policy and the National Security Advisor, with recommendations for appropriate remedial actions to be taken to fulfill the purposes and policies of this order.  The term "Intelligence Community" has the meaning given the term in section 3003 of title 50, United States Code.

(c)  In furtherance of these policies, departments and agencies are directed to comply with applicable document-retention policies and legal obligations.  Instances of noncompliance with document-retention policies or legal obligations will be referred to the Attorney General.

Sec. 4.  General Provisions.  (a)  Nothing in this order shall be construed to impair or otherwise affect:

**Exh.H pg.3**

(i)  the authority granted by law to an executive department or agency, or the head thereof; or

(ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b)  This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c)  This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents. or any other person.

THE WHITE HOUSE,

   January 20, 2025.

Nominee Report I U.S. Office of Government Ethics; 5 C.F.R. part 2634 I Form Approved: OMB No. (3209-0001) (Updated Nov. 2021)

# Executive Branch Personnel

## Public Financial Disclosure Report (OGE Form 278e)

Exh.I
pg.1

### Filer's Information

LaPointe, Markenzy   **$2,000,615 Criminal Conflict of Interest with U.S. BANK**

United States Attorney, Southern District of Florida, Department of Justice - Executive Office for United States Attorneys

Other Federal Government Positions Held During the Preceding 12 Months:
None

Names of Congressional Committees Considering Nomination:
- Committee on the Judiciary

Electronic Signature - I certify that the statements I have made in this form are true, complete and correct to the best of my knowledge.

/s/ LaPointe, Markenzy [electronically signed on 06/30/2022 by LaPointe, Markenzy in Integrity.gov]

Agency Ethics Official's Opinion - On the basis of information contained in this report, I conclude that the filer is in compliance with applicable laws and regulations (subject to any comments below).

/s/ Gary, Arthur E, Certifying Official [electronically signed on 09/22/2022 by Gary, Arthur E in Integrity.gov]

Other review conducted by

/s/ Macklin, Jay, Ethics Official [electronically signed on 09/19/2022 by Macklin, Jay in Integrity.gov]

LaPointe, Markenzy - Page 1

Exh.I
pg.2

| # | DESCRIPTION | EIF | VALUE | INCOME TYPE | INCOME AMOUNT | DATE |
|---|---|---|---|---|---|---|
| 2.1 | FID GOVT MMKT K6 (FNBXX) | Yes | $250,001 - $500,000 | | None (or less than $201) | |
| 3 | Markenzy Lapointe, P.A. - Miami, Florida | | | | | |
| 3.1 | Pillsbury Winthrop Shaw Pittman LLP | No | | Partnership income | $905,176 | |
| 3.2 | Pillsbury Winthrop Shaw Pittman LLP, capital account | N/A | $15,001 - $50,000 | | None (or less than $201) | |
| 3.3 | U.S. bank (cash) | N/A | $250,001 - $500,000 | | None (or less <--from U.S. Bank than $201) | |
| 3.4 | Pillsbury Winthrop Shaw Pittman LLP Anticipated Partnership Share | N/A | $50,001 - $100,000 | | None (or less than $201) | |
| 3.5 | Pillsbury Winthrop Shaw Pittman LLP Anticipated Discretionary Bonus | N/A | $50,001 - $100,000 | | None (or less than $201) | |

## 3. Filer's Employment Agreements and Arrangements

| # | EMPLOYER OR PARTY | CITY, STATE | STATUS AND TERMS | DATE |
|---|---|---|---|---|
| 1 | Markenzy Lapointe, P.A. | Miami, Florida | Upon receiving the final payment from the firm, Markenzy Lapointe, P.A., my Professional Association (P.A.) will be inactive. | 8/2017 |
| 2 | Boies Schiller Flexner LLP | Miami, Florida | I will continue to participate in this defined contribution plan. The plan sponsor ceased making contributions upon my separation. | 7/2006 |
| 3 | Pillsbury Winthrop Shaw Pittman LLP | Miami, Texas | I will continue to participate in this defined contribution plan. The plan sponsor will not make further contributions after my separation. | 8/2017 |
| 4 | Pillsbury Winthrop Shaw Pittman LLP | Miami, Florida | I will be eligible to receive a bonus at the discretion of the firm management committee, if I am still employed by the firm at the time it is awarded and paid. If I am awarded a bonus, I will receive it by April of 2023. | 8/2017 |

LaPointe, Markenzy - Page 4

Exh.S  pg 3

| # | DESCRIPTION | EIF | VALUE | INCOME TYPE | INCOME AMOUNT | |
|---|---|---|---|---|---|---|
| 11 | U.S. bank (cash) #1 | N/A | $1,001 - $15,000 | | None (or less than $201) | ←--- from US BANK |
| 12 | U.S. bank (cash) #2 | N/A | $50,001 - $100,000 | | None (or less than $201) | ←--- from US BANK |
| 13 | Brokerage Account | No | | | | |
| 13.1 | Innerscope Hearing Technologies Inc | N/A | $1,001 - $15,000 | | None (or less than $201) | |

## 7. Transactions

(N/A) - Not required for this type of report

## 8. Liabilities

| # | CREDITOR NAME | TYPE | AMOUNT | YEAR INCURRED | RATE | TERM |
|---|---|---|---|---|---|---|
| 1 | Wells Fargo Bank | Mortgage on Personal Residence | $500,001 - $1,000,000 | 2021 | 2.875 | 30 yrs |
| 2 | Wells Fargo Bank | Mortgage on Personal Residence | $500,001 - $1,000,000 | 2018 | 4.125% | 30 yrs |

U.S. Bancorp

U.S. Bancorp

usbancorp

WELLS FARGO IS U.S. BANK THAT MARKENZY GOT 2 MILLION
IN MORTGAGES FROM A CRIMINAL CONFLICT OF INTEREST.

## 9. Gifts and Travel Reimbursements

(N/A) - Not required for this type of report

LaPointe, Markenzy - Page 8



## APPLICATION TO LEASE
(Unit Owner and Lessee signatures are required)

Cynthia Louis     ph6     12/26/2022

Christine L Tran

+19549992078   N/A     rbaglobal1@gmail.com
N/A

**Owner's Listing Agent Information**

Brianna Reid

178621408415     brianna.reidrealty@gmail.com

Christine L Tran

**EXH.K**



yahoo!mail

Search your mail

← Back

Alfred Davis
Bcc: me · Mon, May 12 at 6:39 AM ⌄

---------- Forwarded message ----------
From: **Alfred Davis** <davisalfred2025@gmail.com>
Date: Thursday, May 1, 2025
Subject: Meeting
To: Kateryn Garcia <kgarcia@kirlewlawfirm.com>

Good afternoon,

I am sending this email to notify you that I am terminated the legal services that Kirlew law firm and Brian Kirlew was providing for me Alfred Davis on this day 5/1/2025. Thank you for your assistance with everything.

On Monday, April 28, 2025, Kateryn Garcia <kgarcia@kirlewlawfirm.com> wrote:
Hi Alfred,

I tried calling you, it's 12:30PM.

Kateryn Garcia

Office Manager/Paralegal

Inbox
Starred
Sent
Drafts
Folders
Storage

Exh.L2

Today 8:58 AM

Alfred, this is Brian Kirlew. I reviewed your email to Kateryn discharging our firm from further representation in this matter. You have a constitutional right to a lawyer of your choice, or to represent yourself for that matter. There are no hard feelings. We have nothing but love and appreciation for you, Elaine, and the entire family.

With that said, however, you cannot just fire us via email. Another lawyer needs to enter an appearance, and we must be substituted. Similar to what we did with Zeljka. If you have hired someone, which I believe you have because another lawyer called our office late afternoon yesterday, that lawyer needs to enter an apperance on your behalf.

If you intend to represent yourself, Judge Becerra will need to conduct

**EXH. N PG.1**

AFFIDAVIT

I, _____ AM A WITNESS THAT WHILE AFTER JURY FOUND ALFRED DAVIS GUILTY IN FEDERAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENORIS DAVIS TRIAL AFTER THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JOHNATHAN BAILEY ASKED THE JUDGE JOSE MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY YOU HAD NO WITNESSES TO POINT OUT ALFRED DAVIS BUT THE JUDGE JOSE MARTINEZ SAID NO I AM NOT DOING THAT YOU GUYS HAVEN'T PROVEN YOUR CASE YOU'VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE I AM DOING A DIRECTED VERDICT JULY 11 TAND LET HIM STAY OUT ON BOND AND THEN SAID DON'T LET ME DOWN MR DAVIS

AFFIDAVIT

**EXH. N PG.2**

I, _____ AM A WITNESS THAT WHILE AFTER JURY FINDING ALFRED DAVIS IN THE FEDERAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENARD DAVIS TRIAL WHEN THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JOHNATHAN BAILY ASKED THE JUDGE JOSE MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY YOU HAD NO WITNESSES TO POINT OUT ALFRED DAVIS BUT THE JUDGE JOSE MARTINEZ SAID NO I AM NOT DOING THAT YOU GUYS HAVEN T PROVEN YOUR CASE YOU VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE I AM DOING A DIRECTED VERDICT JULY 11 AND LET HIM STAY OUT ON BOND AND THEN SAID DON T LET ME DOWN MR DAVIS



AFFIDAVIT                    **EXH. N PG.3**

_____ AM A WITNESS THAT WHILE AFTER JURY FOUND ALFRED DAVIS GUILTY IN FEDERAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENORIS DAVIS TRIAL AFTER THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JOHNATHAN BAILY ASKED THE JUDGE JOSE MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY. YOU HAD NO WITNESSES IN WHAT WAY ALFRED DAVIS BUT THE JUDGE JOSE MARTINEZ SAID NO I AM NOT GOING TO DO THAT DAVIS HAVEN'T I PROVEN YOUR CASE YOU'VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE. I AM DOING A DIRECTED VERDICT JULY 11TH AND LET HIM STAY OUT ON BOND AND THEN SAID DON'T LET ME DOWN MR DAVIS

AFFIDAVIT

**EXH. N PG.4**

I, _____ AM A WITNESS THAT WHILE AFTER JURY FOUND ALFRED DAVIS GUILTY IN THE TRIAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENORIS DAVIS TRIAL AFTER THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JONHATHAN LAKY ASKED THE JUDGE JEFF MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY. YOU HAD NO WITNESS MR. MARTINEZ ALFRED DAVIS BUT THE JUDGE JUDGE MARTINEZ SAID NO I AM NOT GOING TO DO THAT YOU HAVEN'T PROVEN YOUR CASE YOU'VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE. I AM GONNA A DIRECTED VERDICT RULE 21 AND LET HIM STAY OUT ON BOND AND THEN SAID I AM LETTING HIM DOWN MR. DAVIS

AFFIDAVIT

**EXH. N PG.5**

I, _____ _____ AM A WITNESS THAT WHILE AFTER JURY FOUND ALFRED DAVIS _____ IN FEDERAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENORD DAVIS TRIAL. AFTER THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JOHNATHAN BARY ASKED THE JUDGE JOSE MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY, YOU HAD NO WITNESSES TO POINT OUT ALFRED DAVIS BUT THE JUDGE JOSE MARTINEZ SAID NO I AM NOT DOING THAT YOU HAVEN'T PROVEN YOUR CASE YOU'VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE I AM ISUING A DIRECTED VERDICT JULY 11 "AND LET HIM STAY OUT ON BOND AND THEN JAIL WON'T BE DOWN MR DAVIS



AFFIDAVIT                    **EXH. N PG.6**

I AM A WITNESS THAT WHILE AFTER JURY FOUND ALFRED DAVIS GUILTY IN FEDERAL COURT OF DADE COUNTY ON THE SECOND DAY OF ALFRED LENORIS DAVIS TRIAL AFTER THE JURY FOUND ALFRED DAVIS GUILTY THE PROSECUTER JOHNATHAN BABY ASRLE THE JUDGE JOSE MARTINEZ TO REMAND ALFRED DAVIS TO JAIL RIGHT AWAY YOU HAD NO WITNESSES TO POINT OUT ALFRED DAVIS BUT THE JUDGE JOSE MARTINEZ SAID NO I AM NOT DOING THAT YOU HAVEN'T PROVEN YOUR CASE YOU'VE BROUGHT IN NO EVIDENCE THAT ALFRED DAVIS DID ANYTHING WRONG YOU HAD NO WITNESSES POINT OUT ALFRED DAVIS IN THIS CASE I AM GIVING A DIRECTED VERDICT JULY 11 AND LET HIM STAY OUT ON BOND AND THEN SAID DON'T LET ME DOWN MR DAVIS

**The New York Times**

Exh. O pg.1

Subscribe for $1/week

Trump
Administration

**LIVE** Updates   8m ago

The First 100 Day

# *Trump Says He'll Fire F.B.I. Agents Amid Fight Over Those Who Investigated Jan. 6*

A court ordered the administration to keep secret a list of F.B.I. officials who had pursued Jan. 6 rioters. Then Trump said he would "surgically" fire some agents.

▶  **Listen to this article · 6:51 min**  <u>Learn more</u>

Exh. O pg.2

President Trump declared on Friday that he would soon "surgically" fire unidentified F.B.I. agents he claimed were corrupt, intensifying concerns about the possibility of a purge of federal law enforcement officials in the face of a court fight over agents and employees who had helped investigate the Jan. 6, 2021, Capitol riot.

Hours earlier, a judge ordered his administration to keep confidential a list it had created of thousands of F.B.I. agents and employees who had worked on inquiries related to the Jan. 6 attack.

The administration told the F.B.I. to compile that list last week. Mr. Trump, asked at a news conference on Friday whether he would fire all agents on it, said

# be terminated.

"I'll fire some of them because some of them were corrupt," he said. "I have no doubt about that. I got to know a lot about that business, that world. I got to know a lot about that world. And we had some corrupt agents, and those people are gone, or they will be gone and it will be done quickly and very surgically."

ADVERTISEMENT

Exh. O pg.4

The dispute over the administration's plans grew out of a demand by Emil Bove, the acting deputy attorney general, that the bureau compile and turn over a comprehensive list of the law enforcement officials who had played any role in investigating Jan. 6.

The investigation became the largest in the Justice Department's history, leading to nearly 1,600 people being charged or convicted of crimes in connection with the riot and involving the work of thousands of F.B.I. employees.

Two groups of anonymous F.B.I. agents and employees filed lawsuits earlier this week to block any release of the identities

of a temporary restraining order on Friday

Case 1:24-cr-20456-RAR   Document 100   Entered on FLSD Docket 08/05/2025   Page 93 of 118

Exh.O pg.5

barring the entire government from making the list public.

Mr. Bove, a former criminal defense lawyer for President Trump, has been helping oversee the Trump administration effort to remake federal law enforcement.

ADVERTISEMENT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**EXH.T PG.1**

**CASE NO. 24-CR-20456-JB**

UNITED STATES OF AMERICA

v.

ALFRED L. DAVIS,

Defendant.
_____/

*Motion to reconsider the plea*
*on the grounds of*
*18 USC SS 1344. Government can*
*not prosecute for a private*
*Lender. See Page 6 #5,6*

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Alfred L. Davis (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to Count 3 of the Indictment, which count charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.   This Office agrees to seek the dismissal of all remaining counts after sentencing.

2.   The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines,

**EXH.T**

but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

4.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

EXH.T

6.   This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

8.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or

EXH.T

the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.  The defendant further agrees, together with this Office,

4

EXH.T

to request that the Court enter a specific finding that the defendant's waiver of his right to appeal

the sentence imposed in this case was knowing and voluntary.

EXH.T

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CR-20456-JB

UNITED STATES OF AMERICA          *Motion to reconsider*

v.

ALFRED L. DAVIS,

**Defendant.**

_____/

## FACTUAL BASIS

The United States of America and the Defendant Alfred L. Davis ("Davis") agree that had this case proceeded to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida, and elsewhere.

1.     Between June and August 2023, Davis engaged in a scheme to defraud by applying for Home Equity Lines of Credit ("HELOCs") against a property located at 20031 NW 12th Court, Miami, Florida (the "property").

2.     Davis submitted applications for HELOCs to at least five lenders, including US Bank, PNC Bank, Figure Lending LLC, Aven Financial Inc., and Lower LLC.

3.     On June 6, 2023, Davis submitted a HELOC application, in the approximate amount of $350,000 to U.S. Bank.

4.     On June 30, 2023, Davis submitted a HELOC application to Lower LLC, in the approximate amount of $350,000.

5.     On July 8, 2023, Davis submitted a HELOC application to Figure Lending LLC, in the approximate amount of $400,000.    *- Figure Lending LLC is A Private company*

EXH.T

6.      On July 11, 2023, Davis falsely and fraudulently represented to Figure Lending LLC that the property was free and clear of legal encumbrances, mortgages, and liens.

7.      This representation caused a wire transmission from the Southern District of Florida to outside the State of Florida.

8.      On July 26, 2023, Davis falsely and fraudulently represented to Lower LLC that the property had no prior mortgages, and that Davis had not been issued credit by Figure Lending LLC.

9.      Davis used the funds from the HELOCs for personal expenses, including cash withdrawals, cashier's checks payable to himself, and payments to family members and associates.

Case 1:24-cr-20456-RAR   Document 100   Entered on FLSD Docket 08/05/2025   Page 101 of
118
Case 1:24-cr-20456-JB   Document 58   Entered on FLSD Docket 05/08/2025   Page 8 of 17

EXH.T

10.   This is the entire agreement and understanding between this Office and the defendant.

There are no other agreements, promises, representations, or understandings.

## SWORN OATH

Date: 5/7/25                By: _____

ALFRED L. DAVIS
DEFENDANT

6

EXH.T

They told Alfred that they were
investigating the Jan 6th insurrection

Exh.U pg.1

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



Dec. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| Bank: | **WACHOVIA BANK, NA** |
| Bank Account Number: | *****0274 |
| Date of Transaction: | **Nov.30, 2006** |

| Payable To: | **AXIOM FINANCIAL SERVICES** |
| Amount of Payment: | **$2286.67** |

| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:45 A.M. Nov. 30,2006, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh.U pg.2

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

**WESTERN UNION**
PAYMENT SERVICES

Jan. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WA |
| Bank Account Number: | ** |
| Date of Transaction: | Dec |
| | |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| | |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:40 A.M. Dec. 31,2006,we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh.U pg.3

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | Jan.31, 2007 |
| | |
| **Payable To:** | AXIOM FINANCIAL SERVICES |
| **Amount of Payment:** | $2286.67 |
| | |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh.U pg.4

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | Jan.31, 2007 |
| | |
| **Payable To:** | AXIOM FINANCIAL SERVICES |
| **Amount of Payment:** | $2286.67 |
| | |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD.SUITE 350
AUSTIN TX 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh.U pg.5

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867 .



**WESTERN UNION**
**PAYMENT SERVICES**

Mar. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

Bank:                          **WACHOVIA BANK, NA**
Bank Account Number:           *****027-J
Date of Transaction:           Feb.28, 2007

Payable To:                    **AXIOM FINANCIAL SERVICES**
Amount of Payment:             $2286.67

Customer Reference:            0001920274

Dear LEROY WILLIAMS

Based on your authorization during our telephone conversation, we have initiated an automated clearing house (ACH) debit to withdraw funds listed above from your specified bank account to make the payment. Included in the payment amount is the $8.00 service fee that you authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188 832-...

Thank you for your business

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Exh.U pg.6

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

April 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

**PAYMENT DESCRIPTION**

Bank:                             WACHOVIA BANK, NA
Bank Account Number:              ******0274
Date of Transaction:              March 30, 2007

Payable To:                       Axiom Financial Services
Amount of Payment:                $2286.67

Customer Reference:               0001920274

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 11:51 A.M., March 30, 2007, we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important information

Don't give out your bank account information over the phone unless you know the company and understand why the
information is nessary

This is not a bill. Do not mail payment.
Retain this letter for your records.

004730A0116730

Exh.U pg.7

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

May 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

## PAYMENT DESCRIPTION

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | April 30, 2007 |
| **Payable To:** | Axion Financial Services |
| **Amount of Payment:** | $2286.67 |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS.

Based on your authorization during our telephone conversation at 10.00 A.M., April 30,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee' that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information   is nessary

This is not a bill. Do not mail  payment.
Retain this letter for your records.

004730A0116730

Exh.U pg.8

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867



**WESTERN UNION**
**PAYMENT SERVICES**

June 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | May 30, 2007 |
| | |
| **Payable To:** | Axion Financial Services |
| **Amount of Payment:** | $2286.67 |
| | |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:38 A.M., May 30, 2007, we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the
information   is nessary

This is not a bill. Do not mail payment.
Retain this letter for your records.

004730A0116730

EXH. Y

CFN 2008R0941616
OR Bk 26657 Pg 3525i (1ps)
RECORDED 11/20/2008 09:41:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

Filed 11-24
EX. (5)
A.D. 2011
Case No. 10-1-928-CACS

HARVEY RUVIN
Clerk Circuit Court

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING DATA ABOVE

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC, ("Assignor") whose address is _____ assigned, transferred and conveyed to U.S. BANK N.A. ("Assignee") whose address is 1100 Virginia Drive,, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005 in Official Records Book 23623 at Page 3231 of the public records of MIAMI-DADE County, Florida, encumbering the following-described real property

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

as the same may have been amended from time to time, together with the Note and indebtedness secured thereby.

MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this Instrument on October 21, 2008.

Witness
Typed Name: Perry Hong

Witness
Typed Name: Laurie Kiss

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC
By:
Typed Name: SHIRLEY EADS
Title: VICE PRESIDENT

Attest:
Typed Name: Jeffrey Stephan
Title: Assistant Secretary

(Affix Corporate Seal)

STATE OF Pennsylvania
COUNTY OF Montgomery

BEFORE ME, the undersigned, personally appeared SHIRLEY EADS and Jeffrey Stephan as Vice President and Assistant Secretary respectively, and known to me to be the person who executed the foregoing instrument, and acknowledged that they executed the foregoing as its duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, this 21st day of October, 2008.

Notary Public
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Susan Turner, Notary Public
Horsham Twp, Montgomery County
My Commission Expires Nov. 8, 2011
Member, Pennsylvania Association of Notaries

Recording requested by, prepared by and return to:
Ralph McGrady
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F07012148-GMAC MORTGAGE, LLC- _____ 9937

FILE_NUMBER: F_____

DOC_ID: M001100

**\*F07012148\***

**\*M001100\***

Book26657/Page3525        CFN#20080941616        Page 1 of 1

EXH.Z PG.1

```
                        * For Internal USE ONLY, NOT a Transaction History *
                        * For Internal USE ONLY, NOT a Transaction History *                    5/01/07 14:19:39
TRN497CR-02                                   HOMECOMINGS FINANCIAL                              JOB DT:  5/01/07
MPRICE                                       DETAIL TRANSACTION HISTORY                          PAGE:        1
```

```
--------------------------------------------------------------------------------------------------------------
LOAN#     3937   INV# 413    POOL# 0200511  INV LN#      8905 NEXT DUE 1/01/07  INTEREST RATE  6.125   PRIN.BAL    448,000.00
BORR1 Leroy Williams         TYPE: 03-00 CONVENTION  STATUS R TOT.DELQ14,193.29 SUSP-235B         .00   ESC.BAL         .00
BORR2                        MSGS: 20 40     #PMT D00004     P&I    9,146.68     SUSP-SUBS         .00   ESC.ADV    22,332.10
PROP: 15020 South River Drive MAIL: PO BOX 222692                               SUSP-HA2          .00   TOT.PMT     3,401.57
                                                                               SUSP-FOR          .00   P&I         2,286.67
   Miami       FL 33167        Hollywood       FL 330222692  SRVFEES  .03750    SUSP-MIS          .00   ESC.PMT     1,114.50
                                                            YDIFF   .00000     SUSP-WIS          .00   CORP A?         .00
                                                     INT PD TO 12/01/06  P&I SHORT      .00
--------------------------------------------------------------------------------------------------------------
```

| ---TRANSACTION--- | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | --------------APPLIED------------ | | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|
| NBR  DATE  CODE | ----DESCRIPTION----- | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPE | &S/CD &SRV.FEES |
| 10 10/27/05 8102 LOAN TRANSFER | | 11/05 | 448000.00 | .00 | 448000.00- | 448000.00- | .00 | .00 | .00 | |
| S/F       REF# | | | | | | | | | | |
| 11 10/31/05 3199 OLD INV 943/0200511 | | 11/05 | .00 | .00 | 448000.00 | 448000.00 | .00 | .00 | .00 | |
| S/F TR  REF# | | | Eff Dt: 10/31/2005 | | Batch: MASSXFER | | | | | |
| 12 10/31/05 8199 NEW INV 413/0200511 | | 11/05 | 448000.00 | .00 | 448000.00- | 448000.00- | .00 | .00 | .00 | |
| # S/F TR  REF# | | | | | | | | | | |
| 13 11/16/05 1499 Late Charge | | 11/05 | 448000.00 | .00 | 114.33 | .00 | .00 | .00 | .00 | 114.33 CL |
| 14 11/16/05 2664 WON CASH FEE ADJ | | 11/05 | 448000.00 | .00 | 114.33- | .00 | .00 | .00 | .00 | 114.33-01 |
| S/F WC  REF# | | | | | | | | | | |
| 15 11/28/05 1325 PMT-MISC SUSP | | 11/05 | 448000.00 | .00 | 2286.67 | .00 | .00 | .00 | 2286.67 PP | |
| S/F CK  REF# | | | | | | | | | | |
| 16 11/28/05 2625 MISC ADJ | | 11/05 | 448000.00 | .00 | 2286.67- | .00 | .00 | .00 | 2286.67-PP | |
| S/F CK  REF# | | | | | | | | | | |
| 17 11/28/05 02    PAYMENT | | 12/05 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 10/31/2005 | 28 | | Eff Dt: 11/28/2005 | | Batch: 1128SUS2 | | IPT Dt: 11/01/05 | | | |
| S/F CK  REF# | | | | | | | | | | |
| 18 12/06/05 1499 Speed Draft Fee | | 12/05 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| S/F       REF# | | | | | | | | | | |
| 19 12/06/05 02    PAYMENT | | 1/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 11/28/2005 | 8 | | Eff Dt: 12/06/2005 | | Batch: 1206ACHS | | IPT Dt: 12/01/05 | | | |
| S/F BA  REF# | | | | | | | | | | |
| 20 12/06/05 1407 Speed Draft Fee | | 1/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| S/F C   REF# | | | | | | | | | | |
| 21 12/06/05 1499 Speed Draft Fee | | 1/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| S/F       REF# | | | | | | | | | | |
| 22 1/05/06 02    PAYMENT | | 2/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 12/06/2005 | 30 | | Eff Dt: 01/05/2006 | | Batch: 0105ACHS | | IPT Dt: 1/01/06 | | | |
| S/F BA  REF# | | | | | | | | | | |
| 23 1/05/06 1407 Speed Draft Fee | | 2/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| S/F C   REF# | | | | | | | | | | |
| 24 2/13/06 1499 Speed Draft Fee | | 2/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| S/F       REF# | | | | | | | | | | |
| 25 2/13/06 02    PAYMENT | | 3/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 01/05/2006 | 37 | | Eff Dt: 02/11/2006 | | Batch: 0213ACHS | | IPT Dt: 2/01/06 | | | |
| S/F BA  REF# | | | | | | | | | | |
| 26 2/13/06 1407 Speed Draft Fee | | 3/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| Effective date: 2/11/06 | | | | | | | | | | |
| S/F C   REF# | | | | | | | | | | |
| 27 3/07/06 1499 Speed Draft Fee | | 3/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

Filed   11-29   A.D. 20 11   EX ( 7 )

Case No.  10-61928-0305

HARVEY RUVIN
Clerk Circuit Court

EXH.Z PG.2

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRM497CR-02
WERICE

HOMECOMINGS FINANCIAL
DETAIL TRANSACTION HISTORY

5/2 /07 14:19:39
JCH PT:  5/01/07
PAGE:     2

| ---TRANSACTION---- | | | ----DESCRIPTION----- | NEXT DUE | -AFTER TRANS.BALANCES- | | TOTAL AMOUNT | ----------------APPLIED---------------- | | | | MISC.PMTS |
| NBR | DATE | CODE | | | PRINCIPAL | ESCROW | | PRINCIPAL | INTEREST | ESCROW | SUSPENSE CD | &SRV.FEES |

LOAN#      3937

| 28 | 3/07/06 | 02 | PAYMENT | 4/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |

Days since last Paymt on: 02/11/2006      24        Eff Dt: 03/07/2006     Batch: 0307ACHS    IPT Dt:  3/01/06

S/F BA   REF#
| 29 | 3/07/06 | 1407 | Speed Draft Fee | 4/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F C   REF#
| 30 | 4/11/06 | 1499 | Late Charge | 4/06 | 448000.00 | .00 | 137.20 | .00 | .00 | .00 | .00 | 137.20 01 |

S/F   REF#
| 31 | 4/17/06 | 1499 | Speed Draft Fee | 4/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F   REF#
| 32 | 4/17/06 | 02 | PAYMENT | 5/06 | 448000.00 | .00 | 2423.87 | .00 | 2286.67 | .00 | .00 | 137.20 01 |

Days since last Paymt on: 03/07/2006      39        Eff Dt: 04/15/2006     Batch: 0417ACHS    IPT Dt:  4/01/06

                                                                                                            140.00 11

S/F BA   REF#
| 33 | 4/17/06 | 1407 | Speed Draft Fee | 5/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

Effective date:  4/15/06
S/F C   REF#
| 34 | 5/11/06 | 1499 | Late Charge | 5/06 | 448000.00 | .00 | 137.20 | .00 | .00 | .00 | .00 | 137.20 01 |

S/F   REF#
| 35 | 5/16/06 | 1499 | Speed Draft Fee | 5/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F   REF#
| 36 | 5/16/06 | 02 | PAYMENT | 6/06 | 448000.00 | .00 | 2423.87 | .00 | 2286.67 | .00 | .00 | 137.20 01 |

Days since last Paymt on: 04/15/2006      31        Eff Dt: 05/16/2006     Batch: 0516ACHS    IPT Dt:  5/01/06

                                                                                                            140.00 11

S/F BA   REF#
| 37 | 5/16/06 | 1407 | Speed Draft Fee | 6/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F C   REF#
| 38 | 6/12/06 | 1499 | Late Charge | 6/06 | 448000.00 | .00 | 137.20 | .00 | .00 | .00 | .00 | 137.20 01 |

S/F   REF#
| 39 | 6/14/06 | 1499 | Speed Draft Fee | 6/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F   REF#
| 40 | 6/14/06 | 02 | PAYMENT | 7/06 | 448000.00 | .00 | 2423.87 | .00 | 2286.67 | .00 | .00 | 137.20 01 |

Days since last Paymt on: 05/16/2006      29        Eff Dt: 06/14/2006     Batch: 0614ACHS    IPT Dt:  6/01/06

                                                                                                            140.00 11

S/F BA   REF#
| 41 | 6/14/06 | 1407 | Speed Draft Fee | 7/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F C   REF#
| 42 | 7/11/06 | 1499 | Late Charge | 7/06 | 448000.00 | .00 | 137.20 | .00 | .00 | .00 | .00 | 137.20 01 |

S/F   REF#
| 43 | 7/13/06 | 1499 | Speed Draft Fee | 7/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F   REF#
| 44 | 7/13/06 | 02 | PAYMENT | 8/06 | 448000.00 | .00 | 2423.87 | .00 | 2286.67 | .00 | .00 | 137.20 01 |

Days since last Paymt on: 06/14/2006      29        Eff Dt: 07/13/2006     Batch: 0713ACHS    IPT Dt: 7/01/06

                                                                                                            140.00 11

S/F BA   REF#
| 45 | 7/13/06 | 1407 | Speed Draft Fee | 8/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

S/F C   REF#
| 46 | 7/25/06 | 1940 | COUNTY TAX   ADVANCE | 8/06 | 448000.00 | 10515.19 | 10515.19 | .00 | .00 | 10515.19 | .00 | |

S/F SC   REF#

EXH.Z PG.3

```
                    * For Internal USE ONLY, NOT a Transaction History *
                    ^ For Internal USE ONLY, NOT a Transaction History *
·TRN497CR-02                            HOMECOMINGS FINANCIAL              5/2./07 14:19:39
MPRICE                          \       DETAIL TRANSACTION HISTORY         JOB DT:  5/03/07
                                                                                   PAGE:    3
---TRANSACTION----                NEXT -AFTER TRANS.BALANCES-    TOTAL -----------APPLIED----------------  --MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION-----   DUE  PRINCIPAL  ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD &SRV. FEES
LOAN#      937            CONTINUED
  47  7/25/06 6040 COUNTY TAX  DISBURSED 8/06 448000.00     .00 10515.19-    .00      .00 10515.19-    .00
            PAYEE PAPAREF #0006006647 DUE 11/25/05
            S/F SC  REF# 0006006647
  48  7/25/06 1940 COUNTY TAX    ADVANCE 8/06 448000.00    5.00     5.00     .00      .00     5.00     .00
            S/F SC  REF#
  49  7/25/06 6040 COUNTY TAX  DISBURSED 8/06 448000.00     .00     5.00-    .00      .00     5.00-    .00
            PAYEE 4041094 #0006007813 DUE 11/25/05
            S/F SC  REF# 0006007813
  50  8/11/06 1499 Late Charge           8/06 448000.00     .00   137.20     .00      .00      .00     .00          137.20 01
            S/F     REF#
  51  8/17/06 1499 Speed Draft Fee       8/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
            S/F     REF#
  52  8/17/06 02   PAYMENT              9/06 448000.00     .00  2423.87     .00  2286.67      .00     .00          137.20 01
Days since last Paymt on: 07/13/2006   34   Eff Dt: 08/16/2006  Batch: 0817ACH9   IPT Dt: 8/01/06
                                                                                                                 140.00 11
            S/F BA  REF#
  53  8/17/06 -1407 Speed Draft Fee      9/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
Effective date:  8/16/06
            S/F C  REF#
  54  9/11/06 1499 Late Charge           9/06 448000.00     .00   137.20     .00      .00      .00     .00          137.20 01
            S/F     REF#
  55  9/14/06 1499 Speed Draft Fee       9/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
            S/F     REF#
  56  9/14/06 0283 PAYMENT             10/06 448000.00 1114.90  3401.57     .00  2286.67 1114.90     .00          140.00 11
Days since last Paymt on: 08/16/2006   29   Eff Dt: 09/14/2006  Batch: 0914ACH9   IPT Dt: 9/01/06
            S/F BA  REF#
  57  9/14/06 1919 RECOVER ESCROW ADVANCE 10/06 448000.00    .00  1114.90-    .00      .00 1114.90-    .00
            S/F BA  REF#
  58  9/14/06 1407 Speed Draft Fee      10/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
            S/F C  REF#
  59  9/25/06 1931 HAZARD INS    ADVANCE 10/06 448000.00 6650.70  6650.70     .00      .00  6650.70     .00
            S/F SC  REF#
  60  9/25/06 6031 HAZARD INS  DISBURSED 10/06 448000.00    .00  6650.70-    .00      .00  6650.70-    .00
            PAYEE 3116832 #0006099959 DUE  7/06/06
            S/F SC  REF# 0006099959
  61 10/11/06 1499 Speed Draft Fee      10/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
            S/F     REF#
  62 10/11/06 02   PAYMENT             11/06 448000.00 1114.90  3401.57     .00  2286.67 1114.90     .00          140.00 11
Days since last Paymt on: 09/14/2006   27   Eff Dt: 10/11/2006  Batch: 1011ACH9   IPT Dt: 10/01/06
            S/F BA  REF#
  63 10/11/06 1919 RECOVER ESCROW ADVANCE 11/06 448000.00    .00  1114.90-    .00      .00 1114.90-    .00
            S/F BA  REF#
  64 10/11/06 1407 Speed Draft Fee      11/06 448000.00     .00     8.99     .00      .00      .00     .00            8.99 07
            S/F C  REF#
  65 11/02/06 1940 COUNTY TAX    ADVANCE 11/06 448000.00 9620.81  9620.81     .00      .00  9620.81     .00
            S/F SC  REF#
  66 11/02/06 6040 COUNTY TAX  DISBURSED 11/06 448000.00    .00  9620.81-    .00      .00  9620.81-    .00
            PAYEE 4041094 #0006163159 DUE 11/25/06
            S/F SC  REF# 0006163159
```

EXH.V

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank, N.A.
    Plaintiff

    v.

Leroy Williams
    Defendants

---

ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution. Set set on April 11,2006. The court finds that (1) notice prescribed by rule 1.420 was served on April 11,2006. (2) there was no record activity for the year preceding Service of the foregoing notice; (3) no stay has been issued or approved by the court. And (4) no party has shown good cause why this action should remain pending. Accordingly,

IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice.
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 24th day of June, 2007.

Exh.W

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

April 1,2010

US Bank .N.A.
    Plaintiff(s)

Vs.

Leroy Williams
    Defendant(s)

ORDER OF DISMISSAL WITH PREJUDICE

   This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11.2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly.
   IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers. at Miami. dade county. Florida this 31th day of
March . 2010.

APR 06 20          APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy
Original Record on file 12/22 21
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk
MONA BRUNO #79806

Exh.X pg.1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff,

CASE NO.    2007-12407-CA
DIVISION    32

vs.

LEROY WILLIAMS, MARK WELLS, FRANKLIN
CREDIT MANAGEMENT CORPORATION, CITY
OF NORTH MIAMI,
Defendant(s).

FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF
LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING
PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court ex parte, pursuant to the Motion filed by the Plaintiff, pursuant

to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.      The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to

bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.      All Counts of the Complaint against Defendants  LEROY WILLIAMS, MARK WELLS,

FRANKLIN CREDIT MANAGEMENT CORPORATION, CITY OF NORTH MIAMI,  are hereby  dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER: FG7012148

Serial: 13666522
DOC_ID: M010502



Exh.X pg.2

a.   The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 45, PAGE 46, OF
THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

be and same hereby is cancelled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

a.   The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

b.   The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida this _____ day of

_____, 2010.

**JUN 2 3 2010**

VALERIE R. MANNO SCHURR
Circuit Court Judge

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list
F07012548 - 50918562
GMAC - SNYV - aboran