IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ILSA D.C.

AUG 26 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>ALFRED LENORIS DAVIS, )<br>  Defendant. )<br>_____ ) | Hon. Judge Becerra (JB)<br><br>Case No. 1:24-cr-20456-JB-1<br><br>LIMITED APPEARANCE |

### MOTION FOR LEAVE AND NOTICE TO ENTER LIMITED APPEARANCE AS DEFENSE "STANDBY" COUNSEL

Comes now, NASHID SABIR, Esq., who has been retained by ALFRED LENORIS DAVIS, to make an limited appearance in this action as standby counsel for the purpose of supporting the Defendant in his pro se defense at Sentencing. The Attorney is in good standing with the Florida Bar and has been granted appropriate authority to practice law before the United States District Court for the Southern District of Florida.

### ARGUMENT SUPPORTING GRANT OF THE MOTION

The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. See, e.g., *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In *Faretta v. California*, 422 U.S.

806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court also decided that the defendant also "has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Id.*, at 807, 95 S.Ct. 2525. Even though it "is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," a knowing and intelligent waiver "must be honored out of 'that respect for the individual which is the lifeblood of the law.'" *Illinois v. Allen*, 397 U.S. 337, 350–351, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). That court has further held that standby counsel may participate in the trial proceedings, even without the express consent of the defendant, as long as that participation does not "seriously undermin[e]" the "appearance before the jury" that the defendant is representing himself. *McKaskle v. Wiggins*, 465 U.S. 168, 187, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

Here, the Court has authorized the Defendant to represent himself pro se and defend his sentencing. There can be no appearance that his self-representation can be undermined by the Court. Guidance by the undersigned can help the Defendant to navigate the proceedings as the Court is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the defendant that counsel would normally carry out. *Id.*, at 183–184, 104 S.Ct. 944. Accordingly, the undersigned requests that he be granted leave to appear, on a limited basis, as standby counsel.

This motion is being tendered by hand as the undersigned has had technical difficulty in filing the motion electronically. The undersigned has been unable to access CM/ECF due to a malfunction with the software on his system and the MFA function now required for filing.

Respectfully,

_____
Nashid Sabir, ESQ.
Attorney for Defendant
20401 NW 2ND AVE. SUITE 203
MIAMI GARDENS, FL 33169
Tel: (305) 770-1778
Fax: (305) 770-1101

## CERTIFICATE OF SERVICE

Defendant through counsel pursuant to rule 49 Fed. R. Crim. P, certifies that a true and correct copy of the foregoing motion to dismiss was furnished electronically to counsel for the Government via CM/ECF electronic portal filing on this 26th day of August, 2025.

Respectfully,

_____
Nashid Sabir, ESQ.
Attorney for Defendant
20401 NW 2ND AVE. SUITE 203
MIAMI GARDENS, FL 33169
Tel: (305) 770-1778
Fax: (305) 770-1101